R. DOWNES, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 7889.   Promulgated January 10, 1927.

Where a man and wife living in Louisiana filed a joint return
and included therein the income of both, they can not subsequently
file a return under the community property law.

*W. O. Rainey, C. P. A.*, for the petitioner.
*J. Arthur Adams, Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency in
income tax for 1923 in the amount of $354.98.   The material alle-
gations of fact are admitted by the respondent and the question
presented is one of law.

The question is whether the petitioner who, together with his
wife, filed a joint return for the year 1923, may subsequently file
his income-tax return separately on the basis of the community
property law of Louisiana.

#### FINDINGS OF FACT.

The petitioner, on March 15, 1924, filed his income-tax return for
the calendar year 1923, and in answer to the question in paragraph
3 of the return, " Is this a joint return of husband and wife?"
answered " yes."   Gross income in the amount of $6,876.09 was
shown in that return.   Various deductions were claimed resulting
in a net income of $2,331.20.   In the return the taxpayer claimed
a personal exemption of $2,500 and reported the sale of an undi-
vided one-fifth interest in certain land which he exchanged for 80
shares of the capital stock of the Central Carbon Co., Inc., of the
par value of $100, but reported no income from that transaction.

Under date of April 30, 1925, the deputy collector prepared an
amended return for the petitioner under the provisions of section
3176, Rev. Stats., as amended by section 1317 of the Revenue Act
of 1918.   In the amended return prepared by the deputy collector
the only change made in the return as filed by the petitioner is
that a net profit is shown of $7,150, representing income derived
from the sale of the undivided one-fifth interest in land for the 80
shares of stock in the Central Carbon Co., Inc.   The amount of
income is not in dispute.   The Income Tax Unit allowed a per-
sonal exemption of $2,000, as shown in the deputy collector's return,
in accordance with paragraph (c) of section 216 of the Revenue
Act of 1921.

TRAMMELL: The only issue involved in this appeal is whether the petitioner had the right to report his income under the community property laws of Louisiana after he had once elected to file a joint return with his wife for the same taxable year.

Section 223 of the Revenue Act of 1918 provides that " If a husband and wife living together have an aggregate net income of $2,000 or over, each shall make a return unless the income of each is included in a single joint return."

Section 223 of the Revenue Act of 1921 provides for joint returns and states the basis of the computation of the tax. With respect to the basis on which the tax shall be computed, the 1921 Act is different from the 1918 Act. Section 223 of the Revenue Act of 1921 provides in part as follows:

(b) If a husband and wife living together have an aggregate net income for the taxable year of $2,000 or over, or an aggregate gross income for such year of $5,000 or over—

(1) Each shall make such a return, or

(2) The net income of each shall be included in a single joint return, in which case the tax shall be computed on the aggregate income.

The return was for the calendar year 1923 and therefore the provisions of the Revenue Act of 1921 are applicable.

The statute provides two ways in which returns of husband and wife living together may be filed. Each has the right to file a separate return, or the income of each may be included in a single joint return. Either is a correct and proper return, but the return that is filed is the return and the only return recognized by law. It is the return of both husband and wife.

The petitioner complied with the statute when he filed a joint return. It purported to return all the income of husband and wife for the year involved. A second or amended return is not provided for in the statute. *Appeal of National Refining Co.*, 1. B. T. A. 236. See also *Appeal of Mabel Elevator Co.*, 2 B. T. A. 517. Taxpayers are not permitted or required by statute to file more than one return for a taxable year.

When a joint return is filed the statute provides that the tax shall be computed on the basis of that return. The tax liability then becomes fixed and can not be altered by filing another return on another basis.

In our opinion, a joint return filed pursuant to section 223 of the Revenue Act of 1921 constitutes a legal and proper return both of the husband and of the wife. If the return did not set forth all the taxable income of both husband and wife, that fact, when ascertained by the Commissioner or by either husband or wife, does not entitle either husband or wife to file another return on another basis.

Section 273 of the Revenue Act of 1926 defines a deficiency as follows: " The amount by which the tax imposed by this title exceeds the amount shown as the tax by the taxpayer upon his return * * *." When a joint return is filed, that is the return which must be considered to determine whether there is a deficiency.

The question here presented is in no way analogous to that presented in the *Appeal of Union Metal Manufacturing Co.*, 1 B. T. A. 395, and *Appeal of R. A. Bartley*, 4 B. T. A. 874.

In the *Appeal of Union Metal Manufacturing Co.* the question was whether a taxpayer who had not taken deductions on account of the exhaustion of patents was precluded on that account from claiming such deductions. We said there that " unless barred by the statute of limitations, a taxpayer is not precluded from demanding a correct computation of his tax for a past year on the facts as they existed, whether originally reported or not." We based our decision in that case upon the provisions of the statute which specifically allowed deductions on account of the exhaustion, wear and tear of assets used in business. If a taxpayer did not claim the deduction to which he was entitled by statute when his return was filed, we held that he was not precluded from thereafter claiming it.

If a taxpayer had patents which were becoming exhausted and no deduction was claimed on that account, the return was not correct and the tax was erroneously computed; but in this case the joint return which was filed was a proper return and the tax was properly computed on the basis of that return. The fact that all the income was not reported does not show that the basis for the computation was not correct.

We held in the *Appeal of Dallas Brass & Copper Co.*, 3 B. T. A. 856, that the Commissioner may make adjustments or changes in the tax liability of taxpayers from time to time within the period of the statute of limitations, and it may be argued that taxpayers should have the right to make changes which may alter their tax liability. Neither the Commissioner nor taxpayers, however, may change or alter a return that is correct and proper. It may be changed in order to make it correct and in compliance with the statute, but not otherwise. In this case, as we have said before, the return filed was on a correct basis. Where so filed it may not be changed and another return filed on another basis although equally correct.

In the *Appeal of R. A. Bartley*, *supra*, a husband filed a separate return but included therein the income arising from a partnership in which the Board found the wife was a partner. While he, in fact, reported the income of himself and wife, he reported it as his own income in his separate return and not as the income of both himself and wife in a joint return. The question there was whether any part

of the income belonged to the wife. If so, it was improperly reported by the husband in his separate return. The Board properly held that a portion of the income belonged to the wife and that she had a right to report it in her separate return. It was not sought in that case to substitute separate returns for a joint return. The return of the husband was his separate return. The question of the right of filing joint or separate returns was not involved but only the question as to whether all the income of the partnership belonged to the husband—that is, whether husband and wife were partners. That case is not authority for the contention of the petitioner here that he has the right to file his return on another basis when it was correctly and properly filed on the basis of a joint return.

It is not necessary here to decide whether the community property basis was a correct method of reporting the income of husband and wife in Louisiana. In any event, the husband had the right to file a joint return which included all the income of both himself and wife. When he does so the statute provides that the tax shall be computed on that basis. While taxpayers are given the right to determine on which basis, as between joint returns and separate returns, the tax shall be computed as determined by the manner in which the income is reported, it does not give them the right to change such basis after the tax liability becomes fixed and is determined on the basis on which the income is reported.

Section 1212 of the Revenue Act of 1926 does not afford the petitioner relief in this case. That section does not afford taxpayers the privilege of filing income-tax returns upon the basis of community property laws where they did not originally file returns on such basis.

*Judgment will be entered for the Commissioner.*

Trussell dissents.