GERMAIN CASSIERE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9733.      Promulgated January 10, 1927.

Taxpayer, having filed a joint return of the income of himself and wife for 1923, is not entitled to have his tax computed on the basis of his separate income. *Appeal of R. Downes, Jr.,* 5 B. T. A. 1029, followed.

*H. M. Snider, C. P. A.,* for the petitioner.
*A. H. Murray, Esq.,* for the respondent.

Taxpayer brings this proceeding for the redetermination of a deficiency of $587.37 in income tax for the calendar year 1923, and alleges as error the refusal to compute the tax upon the basis of a separate return of the income of the taxpayer, he having filed a single joint return for himself and wife.

### FINDINGS OF FACT.

The taxpayer is an individual residing in Caddo Parish, State of Louisiana.

Taxpayer filed, within the time limit allowed by law, a Federal income-tax return for the calendar year of 1923. Such return disclosed the taxpayer's name and address as Germain Cassiere, Box 154, Route No. 2, Shreveport, La. It also stated that he was a citizen of the United States, that it was a joint return of husband and wife, that he was married and living with his wife, that he claimed one dependent under eighteen years of age, and that he claimed a personal exemption of $2,900. The return disclosed a net income of $4,008.73, which included capital gain of $3,120.75 from the sale of real estate held more than two years. The Commissioner increased such taxable gain from $3,120.75 to $12,483 and determined the deficiency here in issue upon the basis of a single joint return, rejecting taxpayer's contention that he should be allowed to file community property returns, reporting one-half of the total income as his and one-half as income of his wife.

### OPINION.

PHILLIPS: The taxpayer, having filed a single joint return of the income of himself and his wife for 1923 under the provisions of section 223 (b) (2) of the Revenue Act of 1921, and the Commissioner having increased the net income as reported, now contends that the tax liability should be computed upon the basis of separate returns for himself and his wife upon the basis that the income was community income. Substantially all of the taxable income arises from the sale of real estate, and it might be sufficient to observe that there is nothing in the record from which we may determine whether the wife had any interest in such real estate, either as community property or as separate property, or whether the property sold was the separate property of the taxpayer. The Commissioner, however, refused taxpayer the right to have taxes computed upon the basis of separate returns, upon the ground that, since a single joint return was filed, the tax was required to be computed on the aggregate income, pursuant to the section of the statute cited above. We have this day, in the *Appeal of R. Downes, Jr.*, 5 B. T. A. 1029, determined

that the contention made by the taxpayer is contrary to the express provisions of the law, and this proceeding falls squarely within that decision.

> *Decision redetermining the deficiency for 1923 to be $587.37 will be entered.*