EDMUND W. WURZBURG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13644.   Promulgated March 30, 1927.

Petitioner, having filed a joint return of income for himself and wife for the calendar year 1923, is not entitled to have his tax computed on the basis of his separate income. *R. Downes, Jr.*, v. *Commissioner*, 5 B. T. A. 1029.

*F. E. Seidman, C. P. A.*, for the petitioner.
*W. F. Gibbs, Esq.*, for the respondent.

This proceeding involves a redetermination of a deficiency in income tax asserted by the Commissioner for the calendar year 1923 in the amount of $431.62. The case was submitted on a stipulation of facts.

FINDINGS OF FACT.

On July 9, 1905, petitioner was married to Marguerite C. Wurzburg, and was her husband during the taxable year.

In 1907, Marguerite C. Wurzburg's father died and as part of his estate left certain shares of stock in the Clark Iron Co., the Cicero Timber Co., and the Clark-Nickerson Co., of which Marguerite C. Wurzburg received the following shares, which shares were registered in her name during that year:

| Stock in— | Number of shares. |
|---|---|
| Clark Iron Co | 1450 14/27 |
| Cicero Timber Co | 400 |
| Clark-Nickerson Co | 732 |

The Clark Iron Co. was reorganized in 1914, and on May 15, 1914, Marguerite C. Wurzburg received a new certificate of her holdings in that corporation, which certificate she continued to hold during the taxable period. She also continued to own the stock in the Cicero Timber Co. received by her from her father's estate.

The Clark-Nickerson Co. increased its outstanding stock on April 2, 1923, by the declaration of a stock dividend of 25 per cent, as a result of which Marguerite C. Wurzburg received 244 additional shares from that company on the 732 shares she owned as of that date, making a total of 976 shares.

From time to time the Clark Iron Co., the Clark-Nickerson Co., and the Cicero Timber Co. declared and paid dividends. The dividend checks were always made to Marguerite C. Wurzburg and the monies received by her as such dividends were deposited in her account and were subject only to her withdrawal. During the year 1923 she received the following taxable dividends:

| | |
|---|---|
| Clark Iron Co | $10,777.35 |
| Cicero Timber Co | 150.00 |
| Clark-Nickerson Co | 3,489.20 |

Petitioner rendered a joint return of income for himself and his wife and included therein the taxable portion of the above described dividends, except that for the Clark Iron Co. the taxable portion was included as $6,054.10 instead of $10,777.35.

In his deficiency notice of February 26, 1926, the Commissioner increased the taxable portion of the dividends received from the Clark Iron Co. from $6,054.10 to $10,777.35. The Commissioner included these dividends in the gross income pursuant to an audit of the return filed by Edmund W. Wurzburg as a joint return of husband and wife for the year 1923.

### OPINION.

ARUNDELL: We have heretofore held in *R. Downes, Jr., v. Commissioner*, 5 B. T. A. 1029, and *Germain Cassiere v. Commissioner*, 5 B. T. A. 1032, that in a case where the taxpayer has filed a single joint return of the income of himself and his wife under the provisions

of section 223(b) (2) of the Revenue Act of 1921, he is not entitled to have his tax computed on the basis of his separate income. These cases are determinative of the question raised in the instant proceeding, and on the authority of these cases the contention of the petitioner must be denied as contrary to the express provision of the law.

*Judgment will be entered for the respondent.*