WILLIAM A. BUTTOLPH, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6027.   Promulgated June 14, 1927.

HUSBAND AND WIFE.—The petitioner and his wife originally made a joint return for the calendar year 1922. Thereafter, and on March 6, 1924, they made separate individual returns for the year 1922 in which the separate income of each was shown, and filed such separate returns as amended returns for the year 1922. *Held,* that having originally made a joint return for the year 1922, they may not thereafter, by filing amended separate returns, have their tax liability determined upon the basis of such separate returns. *R. Downes, Jr.,* 5 B. T. A. 1029, followed.

*Milton D. Block, C. P. A.,* and *Peter J. Vandenbergh, C. P. A.,* for the petitioner.

*L. C. Mitchell, Esq.,* for the respondent.

TRAMMELL: This proceeding is for the redetermination of a deficiency in income tax for the calendar year 1922 in the amount of $130.54.

The petitioner alleges that the Commissioner erred in denying the taxpayer and his wife the right to file individual amended returns of income for the years 1921 and 1922 when joint returns of income were originally filed.

### FINDINGS OF FACT.

The petitioner is an individual residing at 5429 Cornell Avenue, Chicago, Ill., and was during the year in question, employed at a salary of $12,204 as general western sales manager for the LaSalle Extension University.

In 1913 petitioner's wife, Miriam L. Buttolph, purchased a 36-apartment building, located between 49th and 50th Streets on Prairie Avenue, Chicago, at a cost of $107,000, the land being valued at $27,000, and the building at $80,000. The title to this property is in the name of Mrs. Miriam L. Buttolph, and the property and the income therefrom are her separate estate and property. The net income from this property, after deducting maintenance cost, depreciation, etc., for the year 1922, was $9,159.91. During all the years from 1913 to 1922, inclusive, the petitioner and his wife, in an effort to comply with the requirements of the income-tax laws, made and filed joint income-tax returns showing the gross income and deductions of both husband and wife. During all of these years the petitioner was unconscious of his and his wife's right and privilege under the said tax laws of making separate tax returns and of having their income-tax liability computed separately.

Early in the year 1924, having been advised of his and his wife's right to make separate income-tax returns, they then made separate returns for the calendar year 1923, and on or about March 6, 1924, they made separate income-tax returns upon proper department forms for each of the calendar years 1919, 1920, 1921, and 1922, and asked to have their tax liability for those years redetermined upon the basis of such amended separate returns and made a claim for refund of amounts claimed to have been paid in excess for said years.

On June 26, 1925, the respondent mailed to the petitioner a deficiency letter in which there were shown deficiencies and overassessments as follows:

| Years | Deficiency in tax | Overassessment |
|---|---|---|
| 1919 | | $235.91 |
| 1920 | | 681.88 |
| 1922 | $130.54 | |
| Not overassessment | | 787.25 |

108346°—28——23

In this deficiency letter the respondent said:

Your amended returns for 1919 and 1920 have been accepted. The amended returns for 1921 and 1922, and the claim for the refund of a portion of the tax liability for these years are rejected * * *.

On August 6, 1925, the petitioner brought this action for a redetermination of the above-described deficiency for the calendar year 1922.

> *Judgment will be entered for the respondent.*
> *See R. Downes, Jr., v. Commissioner, 5 B. T. A.*
> *1029.*

TRUSSELL, dissenting: The Revenue Act of 1921 is a part of a general system of taxation for the purpose of raising monies to defray the expenses of operating the Government of the United States. The system as it exists today began about August 5, 1861, when a law levying internal revenue taxes was enacted, and the organized system begun on that date has continued and grown until the present time. During all of this period, by various acts of Congress and at various times, the Government has collected taxes known as internal revenue taxes, upon numerous objects, occupations, and incomes, and it has developed the system known as internal revenue taxation. From the earliest of these revenue acts, persons liable to pay taxes thereunder have been required to file tax returns which have at all times been the basis upon which the Government assessed and collected the taxes provided for by law and, during all of these years by virtue of a consistent administrative practice, all internal revenue taxpayers have been accorded the privilege of correcting mistakes in their returns and of so amending and reforming such returns as to accord to each taxpayer the maximum of his rights under the statutes to the end that he should not at any time pay taxes in excess of the amounts required by the specific provisions of the acts of Congress. The privilege of so making modified and amended returns has over all the years from 1861 to the present time grown into a prescriptive right which has not been seriously disputed or denied to any taxpayer until, under the Revenue Act of 1921, the respondent now denies those husbands and wives who, either through inadvertence or lack of knowledge, made joint income-tax returns when they might to their advantage have made separate returns.

The basis of this denial on the part of the respondent is found in the language of section 223 (b) of the Revenue Act of 1921, which is as follows:

If a husband and wife living together have an aggregate net income for the taxable year of $2,000 or over, or an aggregate gross income for such year of $5,000 or over—

(1) Each shall make such a return, or

(2) The income of each shall be included in a single joint return, in which case the tax shall be computed on the aggregate income.

The words contained in the above-quoted section, which were new to the Revenue Act of 1921, are " in which case the tax shall be computed on the aggregate income." The respondent has interpreted these words to mean that when a husband and wife have once made a joint return for a given year they are prohibited from thereafter making or offering separate returns for the same year and having their liability to income tax for that year determined upon the basis of separate returns, and that by virtue of these words the petitioner in this case and any other husbands and wives who may, for the years 1921 and 1922, have made joint returns, have been by act of Congress deprived of the right of modifying such returns so as to have their taxes determined upon the basis of each one's separate income. The respondent has freely granted to this petitioner and his wife that right and privilege for the years 1919 and 1920 the same as he has granted it time without number to other taxpayers in prior years. When Congress enacted these words into the Revenue Act of 1921, did it intend to abrogate a right which then had more than half a century of consistent administrative practice as its foundation and which up to that time had never been questioned? Or, were these words, first introduced into the Revenue Act of 1921, intended to convey an entirely different meaning? A return, under the internal revenue laws, is the basis on which assessment of taxes is made. The language of the 1921 Act here quoted clearly means that when the Commissioner has before him a joint return of husband and wife containing the items of gross income and deductions pertaining to each of them, he may not be required to make separate computations of tax liability for husband and wife separately but shall compute the tax upon the aggregate of the two incomes. But, when these taxpayers have come forward and offered separate returns as amendments to their original joint returns, these amended separate returns relate back to and become a part of the original return and from that time on the Commissioner has not before him a single joint return but two separate returns of two taxpayers, and, with such separate returns before him, he should make computations of tax liability in accordance with the separate net income of each taxpayer. It seems to me impossible that Congress intended to deprive husbands and wives who once made a joint return of the privilege of amending such returns when the right of amendment is freely accorded to every other internal revenue taxpayer. In fact, it appears that this petitioner might, in 1924, have come to the Commissioner, presented an amended return which might have modified every item of gross income and every item of deduction, and changed the whole basis of computing tax liability in every re-

spect except the one of separating his wife's income from his own, and the Commissioner would have raised no objection to such amendment.

For the year 1921, more than seven million taxpayers made income-tax returns and every one of these, except those husbands and wives who made joint returns, might at any time within the period of the statute of limitations have come forward and claimed the right to reduce their tax liability upon the basis of amended returns, provided, in such amended returns, the provisions of the law respecting the reporting of gross income and deductions were properly followed. I can not believe that this taxpayer has been deprived of the same right by any act of Congress or by any interpretation thereof which is authorized by law.