*646 OPINION.
Love:
The Board has heretofore held that where a joint return is filed for a husband and wife under the Revenue Act of 1921, they may not elect after the passage of the date for filing of a return to file separate returns and. have their tax liability computed upon the basis of such separate returns. R. Downes, Jr., 5 B. T. A. 1029; J. W. Macon, 7 B. T. A. 450; and G. P. Foster, 7 B. T. A. 559. See also Grant v. Rose, 24 Fed. (2d) 115.
While the answers to questions 3 and 4 on the return, as altered, are contradictory, it is apparent from the record that the petitioner intended to include what he believed to be all income of himself and his wife in the return filed March 8, 1923, his belief being at that time that the total amount of such income was $5,830.17, subject to a personal exemption of $2,000.
*647 The petitioner seeks to escape the effect of the authorities above citech and numerous others of similar import, by the contention that he did not elect to file a joint return, but was led to do so by the revenue agent’s error in computation of net income.
While we may concede that, had the petitioner realized that a saving could have been effected by the filing of separate returns for his wife and himself, such returns would have been filed, the fact remains, as revealed by our findings, that he consciously and intentionally filed a joint return. This Avas induced, it is true, by a belief that the total tax would not be greater than it would be under separate returns by himself and wife, but it was a freely elected act and the petitioner is bound by it.
Bacon v. Hopkins, 27 Fed. (2d) 140, is distinguishable, the issue therein having been the taxpayer’s right to file originally so-called community property returns for his wife and himself, while the issue herein is whether or not a taxpayer, having elected to file a joint return, can substitute the alternative after the passage of the date for filing of the return, upon discovery that his original choice was an unfortunate one.
There is no question of mala fides on the part of the revenue agent, and, as we see it, no necessity for discussion of his possible status as an agent of the petitioner in the preparation of the return.

Judqment toill he entered for the respondent.