BENJAMIN F. and BESSIE S. SCOTT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Scott v. Commissioner
Docket No. 6944-75.
United States Tax Court
T.C. Memo 1976-340; 1976 Tax Ct. Memo LEXIS 63; 35 T.C.M. (CCH) 1562; T.C.M. (RIA) 760340; November 10, 1976, Filed Benjamin F. and Bessie S. Scott, pro se. Alan E. Lang, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Chief Judge: This case was assigned to and heard by Special Trial Judge Murray H. Falk pursuant to the provisions of section 7456(c) of the Internal Revenue Code and Rules 180 through 182 of the Tax Court Rules of Practice and Procedure. *65 His report was filed on August 4, 1976. Subsequently the petitioners filed exceptions with the Court and the respondent filed a reply thereto. The exceptions have been considered and are rejected. Accordingly, the Court agrees with and adopts the report which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE FALK, Special Trial Judge: This case was scheduled for trial as a small tax case under section 7463 of the Internal Revenue Code of 1954. [1] When the case was called for trial at Chicago, Illinois, on April 5, 1976, the parties offered a joint motion for the removal of the small tax designation in this case and requested that the case be heard under the regular rules of the Court. The Court ordered that the case be removed from the Small Tax Case category and, with the agreement of the parties, the case was heard pursuant to the provisions of Rule 180, Tax Court Rules of Practice and Procedure.
Respondent determined a deficiency of $488.72 in petitioners' federal income tax for the year 1973. Concessions, dispositive of *66 all the other issues, were made by each of the parties and the sole question remaining for decision is whether or not petitioners are entitled to a dependency exemption deduction under section 151 in respect of their daughter. FINDINGS OF FACT Most of the facts have been stipulated, and those facts are so found. The petitioners, husband and wife, resided in Chicago, Illinois, at the time their petition was filed herein. They timely filed their joint federal income tax return for the taxable year 1973 with the Internal Revenue Service Center at Kansas City, Missouri. Petitioners claimed a dependency exemption on their 1973 income tax return for their 22-year old daughter, Barbara Burton. From January through July, 1973, Barbara was a full-time student, and petitioners provided more than half of her support for the year in issue. Barbara was married to and resided with her husband, Glenn Burton, at all times material hereto. Glenn and Barbara filed a joint federal income tax return for 1973, which tax return had been prepared by a commercial tax return preparer. Their return showed a tax liability of $5. Glenn and Barbara Burton desire to revoke their election to file *67 a joint return for 1973 and to file separate returns for that year so that petitioners may succeed in this action. OPINION Section 151(e)(2) provides as follows: (2) EXEMPTION DENIED IN CASE OF CERTAIN MARRIED DEPENDENTS.--No exemption shall be allowed under this subsection for any dependent who has made a joint return with his spouse under section 6013 for the taxable year beginning in the calendar year in which the taxable year of the taxpayer begins. Thus, although Barbara otherwise qualifies as a dependent under sections 151(e) and 152, petitioners still cannot prevail inasmuch as Barbara and her husband, Glenn, filed a joint return for 1973. [2] The clear language of the applicable statute cannot be ignored. Agron v. Illinois Bell Telephone Co.,449 F.2d 906, 909 (7th Cir. 1971); Estate of Stahl v. Commissioner,442 F.2d 324, 328 (7th Cir. 1971). It makes no difference that the filing of their joint return was inadvertent. [3] Because their joint return showed a tax liability, Revenue Ruling 65-34 does not apply to grant an escape from the jaws of section 151(e)(2). [4]
*68 Petitioners' contention that Barbara and Glenn should be permitted to revoke their election to file a joint return and to file separate returns for 1973 is without merit. Even if it could navigate beyond the procedural hazards raised by reason of Barbara and Glenn not being before the Court, the argument founders upon the long established rule of the Commissioner -- repeatedly affirmed by the courts -- that once a husband and wife file a joint return for a particular year they may not, after the filing deadline for that year has passed, file separate returns for the same year. Sec. 1.6013-1(a)(1), Income Tax Regs.; [5] see, e.g., Buttolph v. Commissioner,29 F.2d 695 (7th Cir. 1928), affg. 7 B.T.A. 310 (1927); Matthew L. Ladden,38 T.C. 530 (1962). In Matthew L. Ladden,supra, at 534, we stated: Prior to 1951, the settled law was that, after the prescribed time for filing returns had expired, the election to file joint returns was irrevocable * * * as was the election to file a separate return * * *. In 1951, Congress enacted section 312 of the Revenue Act of 1951 (section 51(g) of the 1939 Code) which is *69 in substance similar to section 6013(b) of the 1954 Code * * *. Thus, Congress for the first time specifically permitted the revocation of an election to file separate returns. At the same time Congress made no change regarding the irrevocability of the election to file joint returns. Congress was aware of the existing law regarding irrevocability of the election to file either separate or joint returns. S. Rept. No. 781 (part 2), 82 Cong., 1st Sess., p. 25 (1951); Summary of the Provisions of the Revenue Act of 1951, Staff of the Joint Committee on Internal Revenue Taxation, p. 25. The inference is persuasive that Congress did not intend to change the law with respect to the irrevocability of the election to file joint returns. We so hold. Petitioners point to the fact that a joint declaration of their estimated tax may be made by a husband and wife without the necessity of making a joint return. Sec. 6015(b); sec. 1.6015(b)-1(b), Income Tax Regs. This, however, is not an *70 exception to the rule recited above, any more than is the fact that a joint return election may be revoked by filing separate returns prior to the due date of the returns. The fact of the matter is that a time comes (i.e., the due date for filing the returns) when an election to file jointly must be deemed to have been finally made. Accordingly, we must hold that petitioners are not entitled to the claimed dependency exemption. * * *
In accordance with the foregoing, and to reflect the concessions made by the parties, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Paul E. Lowe,T.C. Memo. 1974-147; Ernest J. Tamary,T.C. Memo. 1974-35; Virginia Donohue,T.C. Memo. 1970-190; Frederick W. Bredahl,T.C. Memo. 1968-223; Koke Thomas Eason,Sr.,T.C. Memo. 1967-47; Stephan Atanasoff Etersque,T.C. Memo. 1962-264; Clair F. Martig,T.C. Memo. 1961-332↩. 3. Ernest J. Tamary,supra↩.
4. Rev. Rul. 65-34, 1965-1 C.B. 86, providing the only exception to the application of sec. 151(e)(2), Koke ThomasEason, Sr.,supra, states that a joint return filed by a married child who otherwise qualifies as a dependent will not be treated as a basis for disallowing the dependency exemption when the return is filed solely for the purpose of claiming a refund and no tax liability would exist for either spouse on the basis of separate returns. Virginia Donohue,supra↩.
5. * * * For any taxable year with respect to which a joint return has been filed, separate returns shall not be made by the spouses after the time for filing the return of either has expired. * * *↩