JOE GOLDBERG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13115. Promulgated November 28, 1928.

*J. A. McMillin, Esq.*, for the petitioner.
*Bruce A. Low, Esq.*, for the respondent.

466

OPINION.

LITTLETON : Three questions are raised in this case. (1) The petitioner claims the right to have the community income for the years 1920, 1921, and 1922 divided between himself and his wife, and accordingly to have the taxes assessed separately on his proportion. A joint return was filed by them for each of those years. This question has already been decided by the Board adversely to petitioner's present position. *R. Downes, Jr.*, 5 B. T. A. 1029; *Joe R. Miller*, 6 B. T. A. 94; *J. W. Macon*, 7 B. T. A. 450; *G. B. Foster*, 7 B. T. A. 559; *Torlief Torland*, 11 B. T. A. 35; *Deposit Trust & Savings Bank, Executor*, 11 B. T. A. 706. The action of the Commissioner on this issue is, therefore, approved.

(2) The petitioner makes the same claim with respect to 1923 and 1924. No returns were filed for these years, but the Commissioner, after investigation, prepared returns for these years in the same manner as in the preceding years, that is, on a joint basis, and proposed the assessment of the tax for the husband and wife to the husband, petitioner, in this proceeding. The authority for such investigation and returns is contained in section 3176, Revised Statutes, which reads in part as follows:

If any person, corporation, company or association fails to make and file a return or list at the time prescribed by law or by regulation made under authority of law, or makes, willfully or otherwise, a false or fraudulent return or list, the collector or deputy collector shall make the return or list from his own knowledge and from such information as he can obtain through testimony or otherwise. In any such case the Commissioner may, from his own knowledge and from such information as he can obtain through testimony or otherwise, make a return or amend any return made by a collector or deputy collector. Any return or list so made and subscribed by the Commissioner, or by a collector or deputy collector and approved by the Commissioner, shall be prima facie good and sufficient for all legal purposes.

In *R. Downes, Jr., supra*, we denied to the petitioner, who had filed a return on a joint basis, the right to change to a separate basis. The foundation of this decision is that under section 223, Revenue Act of 1921, a husband and wife may either file separate returns or **a**

joint return and that whichever method is pursued, the return or returns filed become the return or returns recognized and required by the statute. The decision further holds that taxpayers are not permitted or required to file more than one return for a taxable year. It followed, therefore, that since the return contemplated by the statute was filed when the joint return was filed, the Board could not recognize new returns on a separate basis as the returns required by statute.

Now, is the situation different where no return was filed by the husband or wife, but a return was filed on their behalf by the Commissioner? In other words, does the return filed by the Commissioner become *the* return of the husband and wife, and stand on the same basis as a return filed by the parties themselves? We think so. Not only does section 3176 provide that upon the failure of a taxpayer to make a return, the return may be made by the Commissioner from his own knowledge and from such information as he can obtain, but also that any return so made "shall be prima facie good and sufficient for all legal purposes." In the opinion of the Board, this provision can only mean that Congress intended that a return so filed should answer the same purposes as if filed by the parties themselves. Since these returns filed by the Commissioner have the same status as returns filed by the parties themselves, we are of the opinion that it follows that the same considerations which led us to deny a change from a joint to the separate basis in 1920, 1921, and 1922, must likewise apply in 1923 and 1924 and prevent a similar change in these years.

This conclusion is not only not in conflict with section 1212, Revenue Act of 1926, but, on the contrary, receives support therefrom. Section 1212 reads as follows:

Income for any period before January 1, 1925, of a marital community in the income of which the wife has a vested interest as distinguished from an expectancy, shall be held to be correctly returned if returned by the spouse to whom the income belonged under the State law applicable to such marital community for such period. Any spouse who elected so to return such income shall not be entitled to any credit or refund on the ground that such income should have been returned by the other spouse.

The section is directly applicable here for the reason that the returns in question were for periods prior to November 1, 1925, and were for a marital community in Texas, where the wife has a vested interest as distinguished from an expectancy. *R. W. Ramming*, 6 B. T. A. 188. In *R. Downes, Jr., supra*, we said:

Section 1212 of the Revenue Act of 1926 does not afford the petitioner relief in this case. That section does not afford taxpayers the privilege of filing income-tax returns upon the basis of community property laws where they did not originally file returns on such basis.

468

In view of the foregoing we must hold that the returns as filed by the Commissioner for 1923 and 1924 on a joint basis can not now be changed to a separate basis as contended for by the petitioner.

(3) The third question relates to the assertion by the Commissioner of a penalty of 25 per cent of the amount of the tax, under section 3176, Revised Statutes, for failure to file returns for 1923 and 1924. The petitioner in his brief abandons his contention with respect to this point, and we hold that the penalty may be assessed.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

Love, dissenting: I can not agree with the opinion or the decision in this case. The decision as indicated in the opinion is based on section 3176 of the Revised Statutes. I am of the opinion that section 3176 has no application whatever to the matter of an election as to how a conjugal couple shall make their income-tax return. It only provides that, in the event no return be filed by the taxpayer, the Commissioner may, with such information as he may be able to obtain, make and subscribe a return for and on account of the taxpayer, and that such return so made shall be prima facie good for all legal purposes.

In the absence of protest sustained, that return in law is sufficient to base an assessment upon, and enforce collection. But in the event of a protest on the part of the taxpayer, I know of no decision of any court or of this Board, prior to the one now being considered, that can be construed to hold that the return made by the Commissioner is binding on the taxpayer on any phase of such return.

The stipulations of the statute relied upon specify that such return shall be prima facie good. Every lawyer knows and will concede that a prima facie case is always subject to attack and overthrow.

Suppose the Commissioner, for any reason whatsoever, had computed a net income of $20,000. Would it be contended that the return in that respect is not subject to attack and correction? Would it operate as an estoppel on the part of the taxpayer? I can not conceive of any law or reason that should hold the taxpayer irretrievably bound to the issue of an election, any stronger than he is bound by such return on any other item in it. That the taxpayer in the instant case was entitled to an election in 1923 and 1924 is conceded.

I believe it is uniformly held that the right of election is not waived by laches or otherwise. Where the right exists it remains unimpaired until it is exercised by some overt act. When once exercised by him it is then, under most circumstances, irrevocable.

" The doctrine of election of remedies is generally regarded as being an application of the law of estoppel." (9 R. C. L. 957.) It is evident that the law of estoppel referred to here is an estoppel by deed or record, for there is no element of " equitable estoppel " in the doctrine of election.

Quoting further from Ruling Case Law, it is said: "An estoppel may be said to arise when a person executes some deed, or is concerned in or does some act, either of record or in pais which will preclude him from averring any thing to the contrary." Or as Lord Coke defines it: " It is called an estoppel or conclusion, because a man's own act or acceptance stoppeth or closeth up him mouth to allege or plead the truth." (10 R. C. L. 675.)

It will be noted that to be estopped, one must, himself, be the author of the deed or act. No one, in the absence of specific authority from him may estop him. Certainly his antagonist may not estop him. No one, save the person in whom the right of election exists, can make an election for such an one. Certainly his antagonist can not bind him by making the election for him.

Assuming that petitioner had the inherent legal right of election in 1923 and 1924 to make separate returns for the community income of himself and his wife, that right remains unimpaired until he makes such election, and as I understand the law applicable to the case, that election can not be exercised for him by an enforced proxy—his antagonist in this tax matter.

By reason of the fact that the petitioner did not exercise his right of election in 1923 or 1924, and by reason of the fact that section 1212 of the Revenue Act of 1926 does not apply later than for the year 1926, a question has been raised as to whether or not petitioner may now elect to make separate return for the years 1923 and 1924. That question involves the inherent right of conjugal couples under the Texas community property laws to make separate returns on their community income.

It is not my desire to discuss here that question, in view of the grounds upon which the decision in the prevailing opinion is reached. My contention here is that in the event it be held that petitioner has an inherent legal right to make separate return if he so elects, then that right remains unimpaired. To render a decision against him on the ground that the Commissioner (his antagonist in this tax matter) made an election for him, I believe is contrary to the law of the case.

He is entitled to have his case decided on its merits—that is, whether or not he has a right to make separate return of his part of the community income for years subsequent to 1926 as well as

prior thereto, regardless of whether he files such return in due time or is delinquent.

It may be conceded here that in event it be decided that he has not the right to file separate return for years subsequent to 1926, then he now has not the right to elect to have his return made separate from his wife's return for the years 1923 and 1924. But if it be decided that under the Texas laws, viewed in connection with the Federal income-tax acts, he has such right, then my contention is that, having never exercised his election to make joint return, he still has that right of election unimpaired, and in that event the decision here should be for him instead of against him.