J. B. BRADFORD PIANO CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7093.   Promulgated March 22, 1929.

*Richard H. Tyrrell, Esq.*, for the petitioner.
*J. F. Greaney, Esq.*, for the respondent.

OPINION.

TRUSSELL: From an examination of this record it appears that if the petitioner had continued its former method of reporting income upon the accrual basis it would have had no excess of deductions over gross income in the year 1918 and would further have had a book surplus from which the entire dividend of 1919 could have been paid. The petitioner, however, has chosen to take advantage of the postponement of the payment of income taxes until the installment payments upon its sales have been actually collected. It thus procures the advantage of postponing taxes until cash collections have been made and, having secured such advantages, it should not complain if the accounting system results in some counter disadvantages.

Section 212 (d) of the Revenue Act of 1926 provides:

Under regulations prescribed by the Commissioner with the approval of the Secretary, a person who regularly sells or otherwise disposes of personal property on the installment plan may return as income therefrom in any taxable year that proportion of the installment payments actually received in that year which the total profit realized or to be realized when the payment is completed, bears to the total contract price. * * *

It will be observed that the language of this section is permissive, i. e., a taxpayer may take advantage of this section or not as it may choose, but, having taken advantage of it, the provision respecting what shall be gross income becomes peremptory. Therefore, having collected installments on 1918 sales in 1920, the $13,026.16 is required by the statute to be reported as gross income for the year 1920.

This same statute authorizes the Commissioner, with the approval of the Secretary of the Treasury, to make proper regulations for carrying the provisions of the Act into effect, and in Regulations 69, article 42, appears the following provision:

* * * Deductible items are not to be allocated to the years in which the profits from the sales of a particular year are to be returned as income, but must be deducted for the taxable year in which the items are paid or incurred or paid or accrued, as provided by section 200 (d).

There seems to us to be nothing unreasonable about this regulation, and, therefore, we are led to the conclusion that the excess of allowable deductions over gross income for the year 1918 may not be allowed as a deduction for the year 1920.

Both the taxing statutes and the department regulations respecting taxpayers reporting on the installment sales basis are silent on the subject of invested capital. In *Blum's, Inc.*, 7 B. T. A. 737, the Board has established the rule that unrealized and untaxed gains represented by accounts receivable may not be included in surplus by a taxpayer reporting on the installment sales basis. A like course of reasoning brings us to the conclusion that adjustments of surplus for invested

capital purposes may be properly made in accordance with the accounting methods made necessary by the taxpayer reporting upon an installment sales basis. Under this method the petitioner had an operating deficit for the year 1918 and such accounting deficit was properly charged by the respondent against petitioner's book surplus.

The deficiencies may be recomputed in accordance with the findings of fact and this opinion.

*Judgment will be entered under Rule 50.*