JAMES C. ELLIS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

DRURY SMEATHERS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 20254, 20255. Promulgated June 28, 1929.

*Harry A. Fellows, Esq.*, and *A. E. James, Esq.*, for the petitioners.
*T. M. Mather, Esq.*, for the respondent.

1226

## OPINION.

MARQUETTE: There is no dispute between the parties as to the facts of the cases at bar. They agree that the partnership of which the petitioners were members made a profit of $51,436.43 on its road contract, and that each of the petitioners received one-third of that profit. The petitioners contend that the profit should be allocated to the years 1920 and 1921 in proportion to receipts and expenditures in each of those years, and that they should return their distributive shares accordingly. The respondent urges that the partnership and the members thereof elected to make their returns on the basis of a completed contract, and, having so elected, they are bound thereby, and in support of his position he cites article 36 of Regulations 45. The parties have agreed that if the contention of the petitioners is well taken, $22,302.44 of the profit from the contract should be allocated to 1920, and $29,133.99 to 1921.

It is clear from the record that the partnership in its original return for 1920 elected to stand squarely on the completed contract basis, and, none of the partners having returned any amount as income from the partnership in 1920, it may be assumed that they also elected to report the profit from the contract on that basis. Such a course was authorized by article 36 of Regulations 45, which provides that:

ART. 36. *Long-term contracts.*—Persons engaged in contracting operations, who have uncompleted contracts, in some cases perhaps running for periods of several years, will be allowed to prepare their returns so that the gross income will be arrived at on the basis of completed work; that is, on jobs which have been finally completed any and all moneys received in payment will be returned as income for the year in which the work was completed. If the gross income is arrived at by this method, the deduction from such gross income should include and be limited to the expenditures made on account of such completed contracts. Or the percentage of profit from the contract may be estimated on the basis of percentage of expenditures, in which case the income to be returned each year during the performance of the contract will be computed upon the basis of the expenses incurred on such contract during the year; that is to say, if one-half of the estimated expenses necessary to the full performance of the contract are incurred during one year, one-half of the gross contract price should be returned as income for that year. Upon the completion of a contract, if it is found that as a result of such estimate or apportionment the income of any year or years has been overstated or understated, the tax-

payer must file amended returns for such year or years. See section 212 of the statute, and articles 22–24.

But the petitioners say that the article just quoted is invalid, since it permits a taxpayer to report on a basis that does not fairly reflect his income, and that, therefore, an election made under authority of the article is not binding. We can not agree with that argument. It is true that returning income on the completed contract basis may result in a larger income in a given year than would be reported for the same year were the profit spread over the entire term in which the contract was performed. But it seems to us that the former method of returning the profit from a long-term contract is no more likely to result in distortion of income than the latter method. For example, a contract covering a period of two years may show a profit at the end of the first year based on receipts and expenditures at that time, whereas the contract when completed may result in a loss. The completed contract basis will always reflect the gain or loss from the contract as a whole, while the other method may result in a gain being reported in one year when the contract terminates in a loss, or a loss being reported when a gain finally is realized. The regulation in question is designed to reflect income from long-term contracts, and we are unable to perceive that it is inconsistent with or is not authorized by law. *In re Harrington*, 1 Fed. (2d) 749.

It seems to us that the petitioners, having elected to report on the basis of a completed contract, should not now be heard to complain because the respondent refuses to permit them to change to another basis. There is little, if any, difference between the situation here and that of a husband and wife electing to file joint or separate returns. In those cases we have held that where the election has been made it is binding. *R. Downes, Jr.*, 5 B. T. A. 1029; *G. Cassiere*, 5 B. T. A. 1032; *W. A. Buttolph*, 7 B. T. A. 310; *J. F. Fairleigh*, 7 B. T. A. 361; *W. Rogers*, 7 B. T. A. 450; *H. Einstein*, 10 B. T. A. 240.

*Judgment will be entered for the respondent.*