SARAH BRIARLY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MARY CUNNINGHAM, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 68677, 68678.   Promulgated October 31, 1933.

*Arnold Markel, C.P.A.*, for the petitioners.
*Philip A. Bayer, Esq.*, for the respondent.

OPINION.

ARUNDELL: These proceedings, consolidated on motion of petitioners, involve deficiencies in income taxes and penalties for the

year 1928 as follows: Sarah Briarly, tax, $386.10; penalty, $96.52; and Mary Cunningham, tax, $478.60; penalty, $119.65.

The single error alleged in each case is the respondent's refusal to allow the petitioners to report income from the sale of real estate on the installment basis. The stipulation of facts is incorporated herein by reference as our findings of fact.

Each of the petitioners in 1928 owned an undivided one-third interest in real estate in New York City. The property was sold that year for $63,500, the terms of sale being:

| | |
|---|---:|
| Cash | $20,000 |
| First mortgage assumed | 8,000 |
| Interest bearing bond of vendee secured by second mortgage on the property | 35,500 |
| Total | 63,500 |

The bond of the vendee, secured by a second mortgage on the property, was payable 18 months after November 28, 1928, the date of sale, and was due in a lump sum and contained no provision for partial or installment payments. It was paid in full by the vendee on the due date, May 28, 1930. The depreciated cost of the property to petitioners was $17,545, and selling expenses amounted to $1,952.75. Total profit from the sale of the property was $44,002.25, computed as follows:

| | |
|---|---:|
| Selling price | $63,500.00 |
| Less expenses of sale | 1,952.75 |
| | 61,547.25 |
| Depreciated cost | 17,545.00 |
| Profit | 44,002.25 |

The share of this profit accruing to each of the petitioners was $14,667.41.

No income tax return was filed by either of the petitioners for 1928. A return for each of the petitioners was prepared by the collector on August 3, 1931, under section 3176 of the Revised Statutes, in which returns there was shown as income of each petitioner the amount of $14,667.51, being the portion of each of the profit on the sale of the New York property. The returns so prepared were approved by the Commissioner.

Neither of the petitioners has reported profit from the sale of the New York property in any year. It is stipulated that even if the sale of the property be considered an installment sale and tax computed on that basis, both petitioners would still have income subject to tax in both 1928 and 1930.

Petitioners contend for two points. First, that the sale was an installment sale, and, second, that they are entitled to report their

shares of the profit on the installment basis. The respondent opposes both contentions. His position is that the sale was not an installment sale, but that even if it were, the petitioners by failing to file returns have forfeited their right of election to have income computed on that basis.

It is our opinion that the petitioners may not now elect the basis on which they will report income and have their tax computed. Assuming, without deciding, that the sale was an installment sale, petitioners of course would have had the right to elect in timely returns to report on either the installment or completed contract basis. When they failed to make any return the collector prepared returns for them under his statutory powers. The question here is governed by the principle announced in *Joe Goldberg*, 14 B.T.A. 465; petition for review dismissed, C.C.A., 5th Cir., Feb. 16, 1932. There the taxpayer had the optional right to file either a separate return or a joint return including the income of his wife. Neither he nor his wife filed returns for the years 1923 and 1924, and the Commissioner for those years prepared joint returns under section 3176 of the Revised Statutes, and proposed to assess against the taxpayer the full amount of the tax computed on the basis of the joint return. The taxpayer sought to have the income divided between himself and his wife and the tax assessed separately on his proportion of the income. We held that the intent of Congress in enacting section 3176 of the Revised Statutes was " that a return so filed should answer the same purposes as if filed by the parties," and denied the taxpayer's claim on authority of a number of cases in which, after election was made, taxpayers were refused permission to change the basis. See cases cited therein; also *Gilbert W. Lee*, 6 B.T.A. 135; affd., 41 Fed. (2d) 1004; *Alameda Investment Co.* v. *McLaughlin*, 33 Fed. (2d) 120; *James C. Ellis*, 16 B.T.A. 1225; *Morgan Rundel*, 21 B.T.A. 1019.

Even if, for some reason that does not now occur to us, it may be considered that a return prepared under section 3176 of the Revised Statutes is not " the return " required by statute, as held in the *Goldberg* case, we are nevertheless of the opinion that the petitioners may not at this late date make an election. The installment sales provisions of the revenue acts are optional and taxpayers may elect to take advantage of them or not as they see fit. *J. B. Bradford Piano Co.*, 15 B.T.A. 1045; *Morgan Rundel, supra*. The purpose of the installment sales provisions, first sanctioned by statute in the Revenue Act of 1926, was to alleviate the hardship attendant upon the reporting as income in a single year all the profit on transactions the receipts from which were spread over two or more years, by permitting the vendor to distribute the profit through the years during which the purchase money was actually received. *Burnet* v. *S. & L. Building Corp.*, 288 U.S. 406. These provisions bestowed

a benefit on taxpayers that had not theretofore had statutory approval. Where benefits are sought by taxpayers, meticulous compliance with all named conditions is required. *Lucas* v. *Pilliod Lumber Co.*, 281 U.S. 245. The statute here involved provides that in the case of an installment sale of real estate "the income may * * * be returned" on the installment basis. This, in our opinion, requires both timely and affirmative action on the part of those seeking to take advantage of the benefits conferred by the statute. As pointed out above, taxpayers voluntarily filing returns and making timely election are bound by their choice. To allow a choice where the taxpayer sits supinely by until by the diligence of the Government it is discovered that a tax is due would put a premium on inertia that certainly is not within the spirit of our system of taxation. If any class of taxpayers is entitled to claim a preference, it consists of those who have complied with the statute. Cf. *Florsheim Bros. Dry Goods Co.* v. *United States*, 280 U.S. 453.

We accordingly hold that petitioners may not now elect the basis on which to have their profit reported and income taxed, and the determination of the respondent is sustained.

*Decision will be entered for the respondent in each of these proceedings.*