DOUGLAS L. EDMONDS, ADMINISTRATOR, ESTATE OF JOHN W. MITCHELL, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

DOUGLAS L. EDMONDS, ADMINISTRATOR, ESTATE OF ADINA MITCHELL, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 47516, 66584, 70861. Promulgated December 28, 1934.

*Ralph W. Smith, Esq., Claude I. Parker, Esq.,* and *L. A. Luce, Esq.,* for the petitioner.

*Thomas M. Mather, Esq.,* for the respondent.

### OPINION.

LEECH: These proceedings were duly consolidated for hearing. Under Docket No. 47516 the petitioner seeks redetermination of deficiencies of $5,742.99 for the calendar year 1924 and $11,270.77 for the period from January 1 to July 2, 1925, the date of death of decedent, John W. Mitchell. At the hearing it was formally stipulated by the parties that the deficiency for the calendar year 1924 is the sum of

$4,048.04. This leaves for consideration in this docket the deficiency for the year 1925.

Under Docket No. 66584 petitioner, as administrator of the estate of Adina Mitchell, seeks redetermination of deficiencies and penalties asserted against his decedent for years and in amounts as follows:

|  | Deficiency | Penalty |
|---|---|---|
| Period July 2 to Dec. 31, 1925 | $5,669.58 | $1,417.39 |
| 1926 | 4,095.80 | 1,023.95 |
| 1927 | 3,623.49 | 905.87 |
| 1928 | 4,551.08 | 1,137.77 |

Under Docket No. 70861 petitioner, as administrator of the estate of Adina Mitchell, seeks redetermination of a deficiency of $17,600.17 and penalty of $4,400.04 asserted against his decedent for the calendar year 1925. This latter deficiency includes the deficiency for a portion of the year 1925 included in the appeal under Docket No. 66584.

The deficiencies in question arise from respondent's treatment of the profit accruing in the several years on certain properties held in trust. It is contended by him that the two decedents, John W. Mitchell and Adina Mitchell, held a joint tenancy in such property with right of survivorship and that Adina Mitchell having survived her husband, John W. Mitchell, one half of the income during the period January 1 to July 2, 1925, the date of John W. Mitchell's death, was taxable to each of the petitioners and that the entire income from the property for the balance of the year 1925 and for the years 1926, 1927, and 1928 was taxable to Adina Mitchell.

The facts are formally stipulated and we include the stipulation by reference as our findings of fact. Briefly stated the facts are that John W. Mitchell died July 2, 1925, and his wife, Adina Mitchell, died April 20, 1931. At the time of their marriage Mrs. Mitchell had separate property of $10,000 and subsequently inherited additional funds. These funds of Mrs. Mitchell were used many years ago in the purchase of land at Vermont Avenue and Beverly Boulevard in Los Angeles, California, on which a home was built and occupied for many years by the couple. The title to this property was in Mrs. Mitchell.

Sometime between 1888 and March 1, 1913, John W. Mitchell acquired two parcels of real estate. Subsequent to the year 1913 Mr. Mitchell, in the course of certain business transactions in which he was engaged and for the purpose of furnishing necessary security for loans made him and to effect the subdivision and sale of some of the properties, had conveyed in trust the two properties which he individually owned, and secured the conveyance in trust by Mrs.

Mitchell of the home property. The beneficiary under each trust was John W. Mitchell.

On April 1, 1924, John W. Mitchell, under power vested in him under the trusts, caused the trustee in all three of the trusts mentioned above to issue one declaration of trust in respect of the properties held under these three trusts. This declaration of trust provides in part as follows:

WHEREAS it was the intention of JOHN W. MITCHELL and ADINA MITCHELL, his wife, that all of said properties should be held by them as joint tenants, with right of survivorship.

NOW THEREFORE THIS IS TO WITNESS that TITLE GUARANTEE AND TRUST COMPANY, at the request of JOHN W. MITCHELL and ADINA MITCHELL, his wife, declares that it holds the said Trusts and all assets thereof in Trust for JOHN W. MITCHELL and ADINA MITCHELL, his wife, as joint tenants, with right of survivorship * * *.

Certain of the property held under the above trust consisted of notes representing deferred payments of the purchase price of certain portions of the real property deeded in trust and which had been sold by the trustee. These deferred payments included unrealized profits on the sales. Upon the death of John W. Mitchell on July 2, 1925, Adina Mitchell was appointed as executrix of his estate, and in reporting such estate for Federal tax included the notes held by the trustee as part of the corpus of that estate. She filed no personal income tax return for herself for the year 1925 or the three following years. In 1930 delinquent returns were prepared for Mrs. Mitchell by a deputy collector for the period July 2 to December 31, 1925, and for the years 1926 and 1927. These returns were filed with the collector of internal revenue for the sixth district of California on February 7, 1930. For the year 1928 a return was prepared for Mrs. Mitchell by a deputy collector and filed with the same collector on November 4, 1930.

In determining the deficiencies here in question the respondent has included in income of the decedent, John W. Mitchell, one half of the profit derived from the trust property for the period January 1 to July 2, 1925. In determining the deficiencies against the decedent, Adina Mitchell, he has included in her income for the year 1925 one half of the income from the trust property for the period January 1 to July 2, 1925, and all of the income from such properties for the balance of that calendar year and for the three succeeding years. For each of these years respondent has asserted a delinquency penalty against this taxpayer upon her failure to file returns.

The answer to the question here involved is determined by the character of the estate possessed by John W. Mitchell and Adina Mitchell in the trust property at the time of his death on July 2, 1925. The property in question was held under an indenture of

trust providing specifically that the interests of these two parties were as "joint tenants with right of survivorship." It necessarily follows that if their titles were those of joint tenants, Adina Mitchell did not take the property as an heir or devisee of her husband but as survivor. She succeeded to no new title or right but from that time forward was entitled to the absolute estate. *Carter* v. *English*, 15 Fed. (2d) 6.

It is contended by counsel for petitioner that under the last declaration of trust no joint tenancy was created as one of the parties to that conveyance was the husband, in whom there was an interest prior to such conveyance. He admits an inability to find a decision by the California courts on this question, but contends that the weight of authority is that a joint tenancy cannot thus be created.

We have considered this question carefully and cannot agree that the weight of authority is as contended by petitioner's counsel. We conclude that a joint tenancy was created by the last declaration of trust, above mentioned. *Lawton* v. *Lawton*, 48 R. I. 134; 136 Atl. 241; *Ames* v. *Chandler*, 265 Mass. 428; 164 N. E. 616; *Colson* v. *Baker*, 87 N. Y. S. 238; *Saxon* v. *Saxon*, 93 N. Y. S. 191.

Section 683 of the Civil Code of California provides "a joint interest is one owned by several persons in equal shares, by a title created by a single will or transfer, when expressly declared in the will or transfer to be a joint tenancy, or when granted or devised to executors or trustees as joint tenants." We think that the provision of the trust instrument in this case brings it within the definition of the statute. The purpose of the quoted section of the code is stated by the Code Commission of California to be the recognition of a joint tenancy if expressly declared.

We hold that under the declaration of trust, #822 "B", made a part of the stipulation filed, the two decedents, John W. Mitchell and Adina Mitchell, took interests as joint tenants in the trust property and that the decedent, John W. Mitchell, was entitled to one half of the profits from this property from January 1 to July 2, the date of his death, and that the balance of the profit from the trust property for the calendar year 1925 and all of the profit from such property for the calendar years 1926, 1927, and 1928 was taxable to the decedent, Adina Mitchell.

As to the several 25 percent penalties determined, despite the fact that there may have been reasonable cause for failure to file timely returns for the years in question, no returns were filed by the taxpayer. The filing of them by the deputy collector is not a filing by the taxpayer. Reasonable cause was, therefore, no defense, and the imposition of the penalties was mandatory. Section 3176 of Revised Statutes, as amended; *Scranton, Lackawanna Trust Co., Trustee,*

*Katherine W. Murray Trust*, 29 B. T. A. 698; *John B. Nordholt*, 4 B. T. A. 509.

In reference to the contention by petitioner that the statute of limitations has barred recovery of any deficiency, it need only be stated that no returns were filed by the taxpayer, Adina Mitchell, and consequently the statute did not begin to run until the filing for her of returns by a deputy collector, and that the deficiency letter in each case was mailed within the period of three years from that date. It is stipulated that a return was filed for the taxpayer, John W. Mitchell, by Adina Mitchell as executrix, for the period January 1 to July 2, 1925. The date this return was filed is not disclosed and it follows that petitioner has failed to show that the statutory period for assessment and collection of the deficiency for that year has elapsed. Assessment and collection of the deficiencies are not barred.

*Judgment will be entered under Rule 50.*