COLLATERAL MORTGAGE AND INVESTMENT CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 88991. Promulgated April 12, 1938.

*Morris Drob, Esq.*, for the petitioner.
*T. F. Callahan, Esq.*, for the respondent.

632

OPINION.

BLACK: Petitioner in its income tax return claimed the $1,482.25 deduction here involved as a bad debt deduction. However, in the petition which has been filed the petitioner claims a loss of that amount on real estate which it claims was surrendered to the mortgagee during the taxable year. Respondent in his answer denied not only the allegations of error but also the allegations of fact upon which petitioner relied. In this state of the pleadings the burden of proving all elements necessary to establish its loss is upon petitioner.

We do not think petitioner has met that burden of proof. So far as the evidence shows there was no foreclosure of the first mortgage of $2,000 in 1934, and neither petitioner nor its nominee, Drob, deeded the property to the holder of the first mortgage. It is true that on April 19, 1934, Philadelphia Co. for Guaranteeing Mortgages, which was apparently the owner and holder of the first mortgage, notified Morris Drob, petitioner's nominee, that it was entering into possession of the property due to default in payment of November 6, 1933, interest amounting to $60 and nonproduction of 1933 tax and water receipts. The letter notified the addressee that: "We shall be obliged to take *action* against your Association unless the defaults are cured immediately." (Italics supplied.) The evidence indicates that petitioner did not cure the defaults and has not since undertaken to have anything to do with the property, but what "*action*" the mortgagee has taken is not clear.

As we have already stated, the record does not show there has been any foreclosure, nor does it show that Morris Drob, the holder of the

legal title to the property as the nominee of petitioner, has deeded it back to the mortgagee. This being the state of the record, we do not think petitioner has proved such an identifiable event as would fix its loss. A taxpayer can not take a loss on real estate where he continues to hold title to the real estate and no identifiable event has occurred by which the claimed loss becomes a closed transaction. *Greenleaf Textile Corporation*, 26 B. T. A. 737; affd., 65 Fed. (2d) 1017. Cf. *Frederick Krauss*, 30 B. T. A. 62; *Herman M. Rhodes*, 34 B. T. A. 212. On the strength of these authorities we sustain the Commissioner in disallowing petitioner's claimed loss of $1,482.25.

We shall next take up petitioner's alternative contention, which is that the Commissioner erred in imposing upon petitioner a surtax of $516.97 under the provisions of section 351 of the Revenue Act of 1934.

Petitioner does not contend that it is not a personal holding company as defined by section 351 (b) (1) of the Revenue Act of 1934, but contends that, by reason of paragraph (d) of that section,[1] provision is made for the inclusion in the returns of the company's shareholders on a pro rata basis of the "adjusted net income" of the company and thus relieve the company from the payment of any surtax.

As has already been stated, Morris Drob was petitioner's only stockholder during the taxable year, and no showing has been made that in his individual income tax return he reported as a part of his gross income the "adjusted net income" of petitioner for such year. His willingness now to do so would be immaterial. Under these circumstances, petitioner would not be entitled to be relieved from the payment of the surtax, if it is otherwise liable. Cf. *Automobile Loans, Inc.*, 36 B. T. A. 809.

The next and final contention of petitioner is that the Commissioner erred in the imposition of a penalty of $129.24. Petitioner's assignment of error in this respect is as follows:

(c) Petitioner contends that the penalty of $129.24 should be cancelled for the reason that there was no fraud with intent to evade tax, in fact petitioner avers there was no additional tax.

It is plain that the Commissioner has not determined a fraud penalty against petitioner. What he has done is to impose a penalty of 25 percent of the surtax of $516.97 which he has determined under

---

[1] (d) PAYMENT OF SURTAX ON PRO RATA SHARES.—The tax imposed by this section shall not apply if all the shareholders of the corporation include (at the time of filing their returns) in their gross income their entire pro rata shares, whether distributed or not, of the "adjusted net income" of the corporation for such year. Any amount so included in the gross income of a shareholder shall be treated as a dividend received. Any subsequent distribution made by the corporation out of earnings or profits for such taxable year shall, if distributed to any shareholder who has so included in his gross income his pro rata share, be exempt from tax in the amount of the share so included.

the provisions of section 351, for failure to file a return on form 1120 H as required by article 351-8, Regulations 86.[2]

As shown in our findings of fact, petitioner first filed a tentative return on form 1120, March 15, 1935, and secured an extension of time until July 15, 1935, to file a completed return. On July 15, 1935, a completed return on form 1120 was filed by petitioner. Form 1120 is the one customarily filed by corporations in reporting their income and deductions for income tax and excess profits tax purposes. This return filed by petitioner showed income from profits, interest, rents, capital gains, and dividends aggregating $7,059.48 and deductions aggregating $7,193.92, showing a loss of $134.44 on the return and no tax due.

As has already been stated, petitioner filed no return on form 1120 H, required of personal holding companies, and this return was filed for petitioner by the Commissioner of Internal Revenue, in which he reported that petitioner had an adjusted net income for 1934 of $2,154.02. The question is whether petitioner's failure to file a return on form 1120 H justified the Commissioner in imposing the 25 percent penalty.

Section 291 of the Revenue Act of 1934 [3] provides a 25 percent penalty for failure to make and file a return required by Title I.

[2] ART. 351-8. *Return and Payment of Tax.*—A separate return is required for the surtax imposed under section 351. Such return shall be made on Form 1120H. In the case of a personal holding company which is a domestic corporation, the return is required to be made within the time prescribed in section 53 and in the case of a foreign corporation within the time prescribed in section 235. The tax shown by the corporation on its return must be paid in the case of a domestic corporation within the time prescribed in section 56 and in the case of a foreign corporation within the time prescribed in section 236. The same provisions of law relating to the period of limitation for assessment and collection which govern the taxes imposed by Title I also apply to the surtax imposed under Title IA. However, since the surtax imposed under Title IA is a distinct and separate tax from those imposed under Title I, the making of a return under Title I will not start the period of limitation for assessment of the surtax imposed under Title IA. If the corporation subject to section 351 fails to make a return, the tax may be assessed at any time. If the Commissioner finds a deficiency in respect of the tax imposed by section 351, he is required to follow the same procedure which applies to deficiencies in income tax under Title I. The penalties applicable to the income taxes imposed under Title I, as well as the provisions of Title I relating to interest and additions to the tax, also apply to the surtax imposed by section 351. The administrative provisions applicable to the surtax imposed by section 351 are not confined to those contained in Title I but embrace all administrative provisions of law which have any application to income taxes.

[3] SEC. 291. FAILURE TO FILE RETURN.

In case of any failure to make and file a return required by this title, within the time prescribed by law or prescribed by the Commissioner in pursuance of law, 25 per centum of the tax shall be added to the tax, except that when a return is filed after such time and it is shown that the failure to file it was due to reasonable cause and not due to willful neglect no such addition shall be made to the tax. The amount so added to any tax shall be collected at the same time and in the same manner and as a part of the tax unless the tax has been paid before the discovery of the neglect, in which case the amount so added shall be collected in the same manner as the tax. The amount added to the tax under this section shall be in lieu of the 25 per centum addition to the tax provided in section 3176 of the Revised Statutes, as amended.

Section 351 (c)[4] provides that all laws applicable to Title I shall also be applicable to Title I-A, including imposition of penalties.

In the case of corporations coming under the classification of personal holding companies under section 351 of the Revenue Act of 1934, the regulations seem to require two returns. One on form 1120, for imposition of the tax under Title I, and the other on form 1120 H, for the surtax imposed under Title I-A. Petitioner filed a return on form 1120, and the Commissioner in determining a deficiency of $194.76 under Title I did not add any penalty. However, the Commissioner determined a surtax of $516.97 under Title I-A added a penalty of 25 percent of the surtax.

Since article 351–8 of Regulations 86 requires that a separate return be filed for the surtax imposed under section 351 and that such return be made on form 1120 H, and since petitioner has not filed any such separate return for the surtax imposed by section 351, the imposition of the 25 percent penalty imposed by section 291, made applicable by 351 (c), would seem mandatory. Cf. *Paul L. Case*, 37 B. T. A. 365; *John Brown*, 35 B. T. A. 111; *Harry D. Kremer*, 31 B. T. A. 566.

*Decision will be entered for respondent.*

[4](c) Administrative Provisions.—All provisions of law (including penalties) applicable in respect of the taxes imposed by Title I of this Act, shall insofar as not inconsistent with this section, be applicable in respect of the tax imposed by this section, except that the provisions of section 131 of that title shall not be applicable.