*1278 OPINION.
SxeRNhagen :
In 1937 all petitioner’s shares were owned by five persons. Over 97 percent of its gross income was dividends, and over 1 percent was interest. Literally, therefore, it is a personal holding-company as defined in the Kevenue Act of 1937, section 352 (which is the same as Internal Kevenue Code, section 501).
Petitioner argues that its charter gave it no power to hold corporate shares and that it could not become a holding company under New York law. But the definition of the revenue act clearly sets forth its own factors and does not import the New York law. The fact is that tlie petitioner owned the shares of the Times-Herald Co. and we do not adjudicate the propriety of that ownership. The *1279 statutory criterion of a “personal holding company” is not the corporation’s ownership of other shares or the colloquial term “holding company.” It is the existence of the factors set forth in the terms of the legislation.
Petitioner argues that it is not within the intendment of the statute, and points to statements made in the course of the consideration of the bill to show that Congress intended to reach wealthy men who were “incorporating their pocketbooks” to reduce their taxes. But the express language is too clear to admit of this consideration even if it were permissible to suppose that the tax was intended to be limited to corporations of the rich.
Petitioner argues that it didn’t really receive the dividend of $13,200 because it had to pay $12,000 for the preferred shares in order to enable the corporation to pay the dividend. The two events were, however, legally separate, as they were deliberately intended to be. So they must be recognized for present purposes.
Petitioner filed no personal holding company return, and hence the penalty of 25 percent imposed by the Revenue Act of 1936, section 291, is mandatory. Reasonable cause is only effective to avoid the penalty if the return is delayed — not when the return is omitted entirely, Alex Holmstrom, 35 B. T. A. 1092; dismissed, 94 Fed. (2d) 747; National Contracting Co. v. Commissioner, 105 Fed. (2d) 488. This is true as to a personal holding company return even though an income tax return has been filed, Collateral Mortgage & Investment Co., 37 B. T. A. 630; Rotorite Corporation, 40 B. T. A. 1304 (on review C. C. A., 7th Cir.); Lone Pine Lawn Corporation, 41 B. T. A. 638 (on review C. C. A., 2d Cir.).
The determination of the deficiency is sustained and a penalty of 25 percent is properly to be added.

Decision will be entered under Rule 50.