Berwindmoor Steamship Company, Inc. v. Commissioner. Berwindmoor Steamship Company, Ltd. v. Commissioner.
Berwindmoor S.S. Co. v. Commissioner
Docket Nos. 97339, 97340.
United States Tax Court
1944 Tax Ct. Memo LEXIS 341; 3 T.C.M. (CCH) 183; T.C.M. (RIA) 44063; February 29, 1944
*341 Henry Brach, C.P.A., 19 Rector St., New York, N.Y., for the petitioners. Henry C. Clark, Esq., for the respondent. LEECH
Memorandum Findings of Fact and Opinion LEECH, Judge: These proceedings were not consolidated. Docket No. 97339 involves deficiencies determined against the petitioner as transferee. It has been stipulated that any deficiency found to be due from the petitioner in Docket No. 97340 shall also be determined to be due from the petitioner as transferee. Docket No. 97340 involves deficiencies in income taxes for the taxable year ended September 30, 1935, as follows: Income taxes
$ 1,068.71
Surtax under sec. 351
13,559.13
Penalty
3,389.78
The first and principal issue is whether the petitioner, Berwindmoor Steamship Company, Ltd., was a personal holding company as defined by section 351(b)(1) of the Revenue Act of 1934. A further issue, whether a 25 per cent penalty is proper, arises in the event the first issue is determined adversely to the petitioner. The petitioner filed an amended petition, identical with the original petition except that it alleges the filing of a personal holding company return on Form 1120H on June 3, 1942, and the payment of the *342 tax of $11,693.74 shown to be due thereon. The respondent by amended answer admits the payment but denies the filing. The petitioner filed its income tax and purported personal holding company returns for the period involved with the collector of internal revenue for the second district of New York. The proceedings were submitted on a stipulation of facts, exhibits and oral testimony. We adopt the stipulated facts as findings. Such facts set out in our findings as do not appear in the stipulation are found upon the evidence. Findings of Fact The petitioner is a foreign corporation organized under the laws of Great Britain. During the taxable year in question it was engaged in the operation of steamships in British registry. It maintained an office in New York City. During its fiscal year ended September 30, 1935 its sole income from sources within the United States Consisted of interest on bonds in the amount of $58,129.20; dividends in the sum of $2,074.10 and gains from the sale of bonds in the amount of $12,842.71. The petitioner's gross income from the operation of its steamship business from sources without the United States was $34,216.50, none of which consisted of royalties, *343 dividends, interest, annuities, or gains from the sale of stocks or securities. It had additional income of $65.55, consisting of interest received from sources without the United States. During the taxable year ended September 30, 1935, the Havana Coal Company, a corporation organized under the laws of the State of New Jersey, owned all the capital stock of the petitioner. Throughout the years 1934 and 1935, the Berwind-White Coal Mining Co., a Pennsylvania corporation, owned all the stock of the aforesaid Havana Coal Company. The stock of the Berwind-White Coal Mining Co. was owned as follows: Per cent
Edward J. Berwind, Inc., a Dela-
ware corporation
69.796
Estate of Harry A. Berwind
18.903
Charles E. Dunlap
6.301
Thomas Fisher
5.000
Harry A. Berwind, who died in 1932, was a brother of Edward J. Berwind, and Charles E. Dunlap was their nephew. Thomas Fisher was not related to the other persons above mentioned. Of the stock of Edward J. Berwind, Inc., Edward J. Berwind owned 75 per cent and his nephew, Charles E. Dunlap, owned 25 per cent. The Berwind-White Coal Mining Co., during the years 1934 and 1935, was engaged in mining and selling coal. During each of *344 said years its net sales were in excess of $9,000,000. It was not a personal holding company as defined by section 351 of the Revenue Act of 1934. The petitioner in its income tax return filed for its fiscal year ended September 30, 1935 stated, upon advice of its tax consultants, that it was not a personal holding company. It filed no personal holding company return on Form 1120H on or prior to June 1, 1942, and no extension for such filing is shown to have been requested from or granted by respondent. On or about June 3, 1942 the petitioner filed a purported personal holding company return on Form 1120H with the collector of internal revenue for the second district of New York. The return was accompanied by check to the order of the collector in the amount of $11,693.74. On July 31, 1942 the petitioner forwarded to the same collector an additional amount of $4,538.61, as interest. The petitioner holds the collector's receipts covering both the aforesaid sums. The purported personal holding company return, Form 1120H, filed on June 3, 1942, was accompanied by an affidavit of Oscar M. Hinton, former secretary of the petitioner, setting forth the circumstances under which it was *345 executed and the reasons for the delay in filing. On or about September 14, 1942 the petitioner filed with the collector of internal revenue a further purported personal holding company return, on Form 1120H, which was in all respects identical with that filed on June 3, 1942 except as to execution. This last return was executed by J. Shirley Esplen as liquidator of the petitioner. This return was accompanied by an affidavit of J. Shirley Esplen stating that it was filed to correct any defect with respect to the execution of the original return executed by Oscar M. Hinton, who lacked authority under the laws of Great Britain. It also ratified Mr. Hinton's action and confirmed the reasons for delay in filing as set forth in the Hinton affidavit. Under date of January 27, 1937, the Commissioner of Internal Revenue executed and filed a delinquent personal holding company return for the taxable year ended September 30, 1935 on behalf of the petitioner, on which the contested deficiencies are based. The petitioner was not advised that this return had been filed. A deficiency notice was mailed to the petitioner under date of December 9, 1938, covering the deficiencies determined from *346 the said delinquent return executed and filed by the Commissioner. Reasonable cause has been shown by the petitioner for its failure to file its personal holding company tax return. The petitioner's personal holding company tax return was not filed in sufficient time to prevent the attachment of the added penalty of 25 per centum of the tax. Opinion The petitioner concedes that the facts in the instant case, as to the first issue, are indistinguishable from those appearing in the case of Porto Rico Coal Co., 44 B.T.A. 221; affd., 126 Fed. (2d) 212. The petitioner, however, contends that decision is unsound. The argument now made for a reversal of that decision is the same as that made in several more recent decisions which have followed the Porto Rico Coal Co. decision. Eder et al. v. Commissioner, 138 Fed. (2d) 27; Fides, A. G. v. Commissioner, 137 Fed. (2d) 731; cert. denied, 320 U.S. 797; cf. O'Sullivan Rubber Co. v. Commissioner, 120 Fed. (2d) 845; R. Simpson & Co., Inc. v. Helvering, 128 Fed. (2d) 742; *347 cert. denied, 317 U.S. 677. Respondent is affirmed on the first issue. The petitioner being a personal holding company, we are required to consider the further issue whether, under the facts presented, an added penalty of 25 per centum is proper. The petitioner's income tax return on Form 1120 was filed on a fiscal year basis for the period ended September 30, 1935. Its personal holding company return, Form 1120H, was due not later than March 15, 1936. [1] It did not file such return within that period. Nor is it disclosed that an extension was requested from or granted by respondent. On January 27, 1937 the respondent filed a delinquent personal holding company return for the petitioner pursuant to section 3176, Revised Statutes as amended. On December 9, 1938, a deficiency notice basing a deficiency on that delinquent return was mailed to the petitioner. On June 3, 1942, the petitioner filed a purported personal holding company return on Form 1120H and paid the tax shown thereon. The petitioner has shown that its failure to file a timely personal holding return was not due to willful neglect but to an honest belief based upon advice of counsel that it *348 was not a personal holding company. The petitioner contends that its failure to file a return on Form 1120H not being due to willful neglect, and since it eventually did file such a return, it should be relieved of the added penalty of 25 per centum. The taxable year involved is 1935. Under the applicable provisions of the Revenue Act [2] for that year, this Court is without authority to relieve the petitioner from the penalty. In the recent case of Commissioner v. Lane-Wells Co. and Technicraft Engineering Corp., 321 U.S. 219, the Supreme Court held that under section 291 of the Revenue Act of 1934 and section 406 of the Revenue Act of 1935, the failure to file a personal holding company return, Form 1120H, requires the imposition of the added 25 per cent penalty. This Court had made a similar ruling in many of its prior decisions.[3] But the petitioner argues that since it subsequently did file a return on Form 1120H, its prior default may be excused. If the taxable year involved were that of 1936 this contention might have merit. Commissioner v. Lane-Wells Co. and Technicraft Engineering Corp., supra. *349 We do not regard the petitioner's belated filing of the return here as of any materiality or that it improves its position in any way. Section 291 of the Revenue Act of 1934, supra, indicates that relief might be granted if a return was filed after the prescribed time, but no time was fixed within which such a return could be filed. This hiatus appears to have been remedied by section 406 of the Revenue Act of 1935. [2] This section graduates in point of time the penalty up to the maximum of 25 per cent. While this provision was less drastic, it did not alter its mandatory character. Commissioner v. Lane-Wells Co. and Technicraft Engineering Corp., supra.Under this provision a taxpayer could minimize the penalty by filing a return within the periods therein provided. If, however, after the lapse of the periods prescribed, a default occurs, the 25 per cent is madatory. That is the basis for the contested penalty here. The petitioner's return, filed on June 3, 1942, does not change this status, nor does the delinquent return filed by the respondent on January 27, 1937 do so even if we consider it as the return of the petitioner, [4] and available *350 for the purpose sought. We, therefore, sustain the added 25 per cent penalty. *351 In Docket No. 97339 decision will be entered for the respondent. In Docket No. 97340 decision will be entered under Rule 50. Footnotes
1. Revenue Act of 1934, secs. 235 and 351 (c); Treas. Reg. 86↩, art. 351-8.
2. For footnote see page 185.↩
3. Porto Rico Coal Co., 44 B.T.A. 221; R. Simpson & Co., Inc., 44 B.T.A. 498; Blenheim Co., Ltd., 42 B.T.A. 1248; Collateral Mortgage & Investment Co., 37 B.T.A. 630; John Brown, 35 B.T.A. 111; Harry D. Kremer, 31 B.T.A. 566; Douglas L. Edmonds, Adm., 31 B.T.A. 962; Scranton, Lackawanna Trust Co., Trustee, 29 B.T.A. 698↩. 2. Revenue Act of 1934 - SEC. 291. FAILURE TO FILE RETURN. In case of any failure to make and file a return required by this title, within the time prescribed by law or prescribed by the Commissioner in pursuance of law, 25 per centum of the tax shall be added to the tax, except that when a return is filed after such time and it is shown that the failure to file it was due to reasonable cause and not due to willful neglect no such addition shall be made to the tax. The amount so added to any tax shall be collected at the same time and in the same manner and as a part of the tax unless the tax has been paid before the discovery of the neglect, in which case the amount so added shall be collected in the same manner as the tax. The amount added to the tax under this section shall be in lieu of the 25 per centum addition to the tax provided in section 3176 of the Revised Statutes, as amended. Revenue Act of 1935 - SEC. 406. FAILURE TO FILE RETURNS. In the case of a failure to make and file an internal-revenue tax return required by law, within the time prescribed by law or prescribed by the Commissioner in pursuance of law, if the last date so prescribed for filing the return is after the date of the enactment of this Act, if a 25 per centum addition to the tax is prescribed by existing law, then there shall be added to the tax, in lieu of such 25 per centum: 5 per centum if the failure is for not more than 30 days, with an additional 5 per centum for each additional 30 days or fraction thereof during which failure continues, not to exceed 25 per centum in the aggregate.↩
4. Fred M. Harden, 44 B.T.A. 961; Fred Taylor, 36 B.T.A. 427; Sarah Briarly, 29 B.T.A. 256; Joe Goldberg, 14 B.T.A. 465. Cf. Second Carey Trust, 2 T.C. 629↩.