T.C. Memo. 2017-205

UNITED STATES TAX COURT

PATRICIA MARIE KNEZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16498-16.                          Filed October 18, 2017.

Patricia Marie Knez, pro se.

<u>Monica E. Koch</u> and <u>Brian E. Peterson</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  With respect to petitioner's Federal income tax for 2014, the Internal Revenue Service (IRS or respondent) determined a deficiency of $1,947 and an accuracy-related penalty of $102.  The deficiency resulted from respondent's determination that petitioner was ineligible to claim an earned income tax credit (EITC) because, while married throughout 2014, she had not filed a joint

[*2] return with her husband.  See sec. 32(d).[1]  Rather, she had erroneously filed her 2014 return as "head of household."

After the notice of deficiency was issued, petitioner and her husband filed a joint return for 2014 claiming an EITC.  Respondent has moved for summary judgment, contending that section 6013(b)(2)(B) barred them from filing a joint return.  It provides that, where an individual has filed "a separate return" for a taxable year for which a joint return could have been made, a joint return may not be filed "after there has been mailed to either spouse, with respect to such taxable year, a notice of deficiency under section 6212."

We confronted a similar question in Camara v. Commissioner, 149 T.C. __ (Sept. 28, 2017), where we held that the bar in section 6013(b)(2)(B) against filing jointly did not apply because the married taxpayer initially had not filed "a separate return."  This case differs from Camara in that petitioner initially made an erroneous election of "head of household" filing status whereas the taxpayer in Camara initially made an erroneous election of "single" filing status.  We conclude that this distinction makes no legal difference:  Because the filing status initially selected by each married taxpayer was legally impermissible, the logic of our

_____

[1]All statutory references are to the Internal Revenue Code (Code) in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

**[*3]** Opinion in <u>Camara</u> has equal force here. With the bar in section 6013(b)(2)(B) being thus inapplicable, petitioner was entitled under section 6013(a) to file jointly with her spouse. We will therefore deny respondent's motion for summary judgment.

## Background

The following facts are derived from the parties' pleadings and motion papers, including the attached declarations and exhibits. Petitioner resided in New York when she filed her petition.

Petitioner and her husband, George L. Knez, were married throughout 2014. They lived separately during that year, but they were not "legally separated * * * under a decree of divorce or of separate maintenance." <u>See</u> sec. 7703(a)(2). Petitioner and her husband continued to live separately at the time she filed her 2014 Federal income tax return, but they reunited in July 2015.

Petitioner timely filed Form 1040, U.S. Individual Income Tax Return, for 2014. On this return she elected "head of household" filing status, listing her daughter, L.A.K., as a dependent[2] and claiming an EITC of $1,947. Her husband likewise timely filed a Form 1040 for 2014, electing "single" filing status and claiming an EITC of $1,709. Petitioner and her husband included, on their respec-

---

[2]We refer to minor children by their initials. <u>See</u> Rule 27(a)(3).

**[\*4]** tive returns, the same direct deposit information on line 76, requesting that the refunds be deposited into their joint bank account.

On April 25, 2016, the IRS sent petitioner a notice of deficiency for 2014. In this notice the IRS changed her filing status to "married filing separately"; adjusted her standard deduction to match her revised filing status; disallowed her claimed EITC of $1,947; determined a deficiency of $1,947; and determined an accuracy-related penalty of $102 under section 6662(a).

On the enclosed Form 886-A, Explanation of Items, the IRS stated: "To be eligible for the earned income credit, married persons must file a joint return. Since we changed your filing status to married filing separately we disallowed this credit." The IRS also proposed that petitioner "be restricted from receiving the earned income credit for the following two years," stating that this two-year ban was being asserted "for the reckless or intentional disregard of the rules and regulations governing the earned income credit." See sec. 32(k)(1)(B)(ii).

On June 27, 2016, petitioner and her husband filed a revised Form 1040 for 2014 electing the filing status of "married filing jointly." They listed L.A.K. as a dependent and claimed an EITC of $3,305. This return showed no regular tax liability, reported self-employment and other taxes of $1,685, and requested a refund of $2,620.

**[\*5]**  On July 25, 2016, petitioner and her husband jointly petitioned this Court. The petition was dismissed for lack of jurisdiction as to her husband because no notice of deficiency had been issued to him.  See secs. 6212, 7701(a)(11)(B); Rule 13.  The case was recaptioned accordingly.[3]  On September 6, 2016, petitioner filed a motion for entry of decision, which we denied.[4]  On March 17, 2017, the IRS moved for summary judgment, and petitioner timely responded to that motion.

Discussion

A.    Summary Judgment Standard

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Under Rule 121(b) the Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law.  Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520

---

[3]The dismissal of Mr. Knez from this case does not preclude petitioner from seeking the benefits of joint filing because she filed a joint return with him before this case was submitted for decision.  See Millsap v. Commissioner, 91 T.C. 926, 929 n.5 (1988).

[4]That motion was premised on the fact that the IRS had sent petitioner a "no change" letter in reference to the Form 1040 she and her husband had filed on June 27, 2016.  Respondent contended that this "no change" letter had been issued in error, as shown by the fact that the IRS subsequently issued her a notice of deficiency.  We agreed that the letter "was issued in error" and denied the motion for entry of decision as premature.

**[\*6]** (1992), <u>aff'd</u>, 17 F.3d 965 (7th Cir. 1994). The parties agree on all issues of basic fact, and the controlling question is solely one of law. We conclude that this case may appropriately be considered for summary disposition.

B.    <u>Governing Statutory Structure</u>

Section 6013(a) provides, with exceptions not relevant here, that "[a] husband and wife may make a single return jointly of income taxes under subtitle A." Section 6013(b) is captioned "Joint Return After Filing Separate Return." It provides in pertinent part as follows:

> (1) In general.--Except as provided in paragraph (2), if an individual has filed a separate return for a taxable year for which a joint return could have been made by him and his spouse under subsection (a) and the time prescribed by law for filing the return for such taxable year has not expired, such individual and his spouse may nevertheless make a joint return for such taxable year. A joint return filed by the husband and wife under this subsection shall constitute the return of the husband and wife for such taxable year * * * .

Section 6013(b)(2) sets forth four situations in which "[t]he election provided for in paragraph (1) may not be made." The limitation relevant here appears in paragraph (2)(B).[5] It provides that a joint return may not be filed "after there

---

[5]The limitation appearing in section 6013(b)(2)(A) is inapplicable because petitioner and her husband filed their joint return within three years of April 15, 2015, the due date (without regard to extensions) for filing a 2014 Federal income tax return. The limitations appearing in subparagraphs (C) and (D), covering

(continued...)

**[\*7]** has been mailed to either spouse, with respect to such taxable year, a notice of deficiency under section 6212, if the spouse, as to such notice, files a petition with the Tax Court within the time prescribed by section 6213."

The section 6013(b)(1) election applies only "if an individual has filed a separate return" for a taxable year for which a joint return could have been made. Thus, the limitation imposed by paragraph (2)(B) likewise has relevance only where an individual has previously filed "a separate return." See Camara, 149 T.C. at __ (slip op. at 6); Millsap v. Commissioner, 91 T.C. 926, 937 (1988) (overruling Goldberg v. Commissioner, 14 B.T.A. 465 (1928)).

C.    Analysis

Throughout 2014 petitioner and George L. Knez were married, as that term is defined in section 7703.[6] Because they were married, a joint return "could have been made by \* \* \* [them] under subsection (a)." See sec. 6013(b)(1). She and

_____

[5](...continued)
situations in which a spouse has filed a refund suit or executed a closing agreement, likewise have no relevance here.

[6]Even where spouses who live apart are not "legally separated \* \* \* under a decree of divorce or of separate maintenance," sec. 7703(a)(2), they will be considered as unmarried if certain conditions are satisfied, see sec. 7703(b). Petitioner concedes that she was married to George L. Knez during 2014. Neither party contends that section 7703(b) operated to render her "not married" for Federal income tax purposes at the close of her 2014 taxable year.

**[\*8]** her husband filed a joint return for 2014 after the IRS mailed her a notice of deficiency, and she subsequently filed a timely petition with this Court. Thus, if petitioner is regarded as having "filed a separate return" for 2014 by virtue of having filed her original 2014 return as head of household, the statute would bar her from later filing a joint return with her husband. See sec. 6013(b)(1), (2)(B).

We confronted a similar question in Camara. The taxpayer there, who was married throughout the relevant year, filed a Form 1040 on which he erroneously elected "single" filing status. The IRS issued a notice of deficiency that changed his filing status to married filing separately. After petitioning this Court, he and his wife filed a joint return. Respondent contended that the husband had "filed a separate return" within the meaning of section 6013(b)(1) and was thus precluded by subsection (b)(2) from later filing a joint return with his wife.

In a unanimous Court-reviewed Opinion we rejected that contention, concluding that a "'separate return' means a return on which a married taxpayer has claimed the permissible status of married filing separately, rather than a return on which a married taxpayer has claimed a filing status not properly available to him or her." Camara, 149 T.C. at __ (slip op. at 12). In so holding we followed appellate court opinions ruling that single returns and head-of-household returns erroneously filed by married taxpayers do not constitute "separate returns" within the

[*9] meaning of section 6013(b)(1).  See Ibrahim v. Commissioner, 788 F.3d 834 (8th Cir. 2015) (holding that an erroneously filed head-of-household return is not a "separate return"), rev'g and remanding T.C. Memo. 2014-8; Glaze v. United States, 641 F.2d 339 (5th Cir. Unit B Apr. 1981) (holding that an erroneously filed single return is not a "separate return").

Our reasoning in support of that conclusion rested on two principal grounds. First, section 6013(b) characterizes the right to file a joint return after having filed a separate return as an "election."  As the Court of Appeals for the Fifth Circuit emphasized in Glaze, "[t]he term 'election' embodies the notion of choice."  641 F.2d at 342.  We reasoned in Camara that "there is no valid 'choice' embodied in a return on which the taxpayer has erroneously indicated a filing status that is not legally available to him or her."  149 T.C. at __ (slip op. at 16).  Thus, Congress' "use of the word 'election' strongly supports the conclusion that an erroneous single return is not a 'separate return.'"  Ibid.

Second, we found this conclusion to be supported by the statute's legislative history.  In a series of cases spanning many decades, this Court and other courts had held that the election by married taxpayers to file separately, like their election to make a joint return, was irrevocable once made.  See, e.g., Barbetti v. Commissioner, 9 T.C. 1097, 1098 (1947) ("[W]e have no authority to allow * * * [the tax-

**[*10]** payer] to substitute joint returns for his separate returns."); <u>Downes v. Commissioner</u>, 5 B.T.A. 1029, 1031-1032 (1927) (holding that a return filed "on a correct basis * * * may not be changed and another return filed on another basis although equally correct"). In 1951 Congress concluded that this case law could produce harsh results. "As a proper election frequently requires informed tax knowledge not possessed by the average person, the binding elections referred to above may result in substantially excessive taxes." S. Rept. No. 82-781 (1951), 1951-2 C.B. 458, 492.

Congress provided relief by enacting section 51(g) of the 1939 Code, the predecessor of section 6013(b). That provision likewise applied only "if an individual has filed a separate return." The legislative history shows that Congress intended this provision to alleviate problems arising from married taxpayers' inability to change a permissible election they had made concerning their filing status, an election the courts had deemed binding and irrevocable. As we concluded in <u>Camara</u>, this legislative history strongly suggests that the term "separate return" as used in section 6013(b) means a return filed as "married filing separately," because that is the only filing status (other than joint filing) that is permitted for married taxpayers. 149 T.C. at __ (slip op. at 23).

[*11] Our reasoning in <u>Camara</u> applies with equal force here. Petitioner did not make an "election" to file as a head of household, because that filing status was not legally available to her. <u>See</u> sec. 2(b)(1) ("[A]n individual shall be considered a head of household if, and only if, such individual is not married at the close of his taxable year."). And because that filing status was legally impermissible, the statute's legislative history indicates that petitioner's erroneously filed original return did not constitute a "separate return."

In sum, we agree with the U.S. Court of Appeals for the Eighth Circuit that petitioner's head-of-household return, like the taxpayer's single return in <u>Camara</u>, did not constitute a "separate return" within the meaning of section 6013(b)(1). <u>See</u> <u>Ibrahim</u>, 788 F.3d at 840. And because the prohibition in subsection (b)(2)(B) applies only "if an individual has filed a separate return," that prohibition does not apply here. Petitioner and her husband were thus free under section 6013(a) to file a joint return for 2014, even though they filed that return after the IRS had issued petitioner a notice of deficiency from which she timely petitioned this Court.

To implement the foregoing,

<u>An order will be issued denying respondent's motion for summary judgment</u>.