THE LONE PINE LAWN CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 94298.  Promulgated March 21, 1940.

*Geo. E. H. Goodner, Esq.*, and *Paul E. Schaub, C. P. A.*, for the petitioner.

*Frank B. Schlosser, Esq., E. O. Hanson, Esq.*, and *Conway N. Kitchen, Esq.*, for the respondent.

640

OPINION.

OPPER: Petitioner, a personal holding company, claims to be entitled to deductions for taxes, fire insurance, and depreciation on

real property acquired by it in exchange for a part of its capital stock. A further question is the liability for a delinquency penalty resulting from petitioner's failure to file a personal holding company return within the time prescribed.

The primary issues would be simple of solution were it not for the fact that petitioner's interest in the real property in question is limited to a remainder over after one, or possibly two, intervening life estates. These were reserved by the grantor at the time of conveyance, and payment of the expenses in question was the result, not of petitioner's contemporaneous use of the property, but of provisions of the contract of conveyance.

Petitioner is entitled to the deductions for the taxes in question only if it can be said that they were imposed upon it; for, otherwise, even though their payment by petitioner was proper or in fact obligatory under the contract, they would not be permissible deductions from current income, *Eugene W. Small*, 27 B. T. A. 1219; *Caroline T. Kissel*, 15 B. T. A. 1270; *Gatens Investment Co.*, 36 B. T. A. 309; but should be treated as capital expenditures incurred in the acquisition of the property, *Falk Corporation*, 23 B. T. A. 883; affd., 60 Fed. (2d) 204 (C. C. A., 7th Cir.).

On this question authorities dealing with the law of Connecticut, in which state the property was located, are of less help than might be hoped. The statute [1] apparently covering the subject is not free from ambiguity. And the Connecticut cases cited by the parties throw no light upon the present question. Considering all the circumstances, we conclude that these were not the taxes of petitioner within the meaning of the revenue act. They were annual or periodic charges arising out of or resulting from the beneficial use, ownership or enjoyment of the property.[2] In the current years it was the life tenants and not the petitioner to whom those beneficial rights inured. It seems not unreasonable to assume that such a distinction is the purpose of the provision in the Connecticut statute referring to the

---

[1] SEC. 1132. TENANT FOR LIFE OR YEARS TO LIST PROPERTY. When one is entitled to the ultimate enjoyment of money at interest, real or personal estate, and another is entitled to the use of the same as an estate for life or for a term of years by gift or devise and not by contract, such estate shall be set in the list of the party in the immediate possession or use thereof, except when it is specially provided otherwise; and real estate so held shall be charged with the payment of any tax laid upon it, and the community laying such tax, or the tax collector or other authorized officer thereof, may collect or secure such tax in any manner provided by law for collection or securing of taxes on real estate; provided, upon the failure of the life tenant or person in immediate possession or use of such real estate to pay any tax laid upon it, the person or persons entitled to the ultimate enjoyment of such real estate may pay such tax and shall be subrogated to all the rights and remedies of the community laying the same for the collection or securing of such tax. [Connecticut General Statutes, Revised 1930.]

[2] "* * * That is taxation which compels one to pay for the support of the government from his own gains and of his own property. * * *" [*United States* v. *Railroad Company*, 84 U. S. 322, 326.]

"use" of real estate "for life  *  *  *  by gift or devise and not by contract." These words may well be the result of an attempt to emphasize situations where one enjoying the immediate use and possession of property does so in his own right, not through or under the remainderman, and hence without consideration or compensation to the holder of the remainder. There would then be an absence of rent or other available return from the property out of which the taxes could be expected to flow. The interest in the property reasonably subject to the burden of periodic taxation imposed by public authority would then seem to be the estate carrying the present use and enjoyment thereof.[3]  On that analysis it is clear that the taxes in question should be regarded as imposed upon the holders of the life estates and not upon this petitioner. The life tenants held their interests, if not by "gift or devise", certainly by a right more analogous thereto than to "contract." For the grantor retained her interest by way of reservation or exclusion from the conveyance, and therefore as a result of the original acquisition by her, the source of which does not appear; and her sister presumably acquired her estate as a gift from petitioner's grantor. Neither owed to the remainderman any "contract" or other duty such as the payment of rent in return for her right of occupancy. That being so, the taxes are not to be treated as imposed upon petitioner or as deductible by it but are in the nature of capital expenditures involved in the acquisition of a capital asset.

Similar considerations dispose of the small item of fire insurance. Here, again, there is no evidence that such expenditures were the current outcome of any trade or business. For the reasons stated in *St. Louis Union Trust Co. et al., Trustees*, 40 B. T. A. 165, 176, they should be disallowed, leaving the opportunity to petitioner of course to deal with them as a capital item in accordance with the principles already discussed. *Falk Corporation, supra.*

As to depreciation, respondent must be sustained primarily on the ground that such deduction is specifically[4] denied to petitioner. And see *Caroline T. Kissel, supra.* It so happens that petitioner also fell short of sustaining its burden of proof, since it entirely failed to produce admissible evidence of the fair market value of the property at the time of acquisition, of its cost, or of the cost to its transferor. See

---

[3] This would also be the rule as to the obligation owed by life tenant to remainderman were it not for petitioner's specific agreement. Restatement of the Law, Property, vol. I, secs. 129, 130.

[4] Revenue Act of 1934—
SEC. 23. DEDUCTIONS FROM GROSS INCOME.
  In computing net income there shall be allowed as deductions:

*    *    *    *    *    *    *

  (1) DEPRECIATION.—* * * In the case of property held by one person for life with remainder to another person, the deduction shall be computed as if the life tenant were the absolute owner of the property and shall be allowed to the life tenant. * * *

Revenue Act of 1934, sec. 113 (a) (8). The only proffer[5] was the local assessment lists, which were excluded, as we think they had to be. *William A. Daly, Administrator*, 1 B. T. A. 993; *Helen Barclay, Executrix*, 4 B. T. A. 1139. In any event their exclusion was not prejudicial here, since the point must be decided against petitioner for the reason first noted.

As to the delinquency penalty, respondent must be sustained. The delinquency penalty is applicable to a personal holding company return. *Rotorite Corporation*, 40 B. T. A. 1304, 1313; *Collateral Mortgage & Investment Co.*, 37 B. T. A. 630, 634. And the failure of petitioner's fiscal agent to acquaint itself with petitioner's responsibility under the law is not that "reasonable cause" which will preclude application of the penalty section. *T. H. Symington & Son, Inc.*, 35 B. T. A. 711; *West Side Tennis Club*, 39 B. T. A. 149 (appeal pending, C. C. A., 2d Cir.).

Reviewed by the Board.

*Decision will be entered for the respondent.*

---

[5] Petitioner's counsel stated: "I might say that this is not offered for the purpose of proving value, but to prove assessed value * * *"; and shortly thereafter: "The assessed value is not in issue."