SEABOARD LOAN AND SAVINGS ASSOCIATION, INCORPORATED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 104939. Promulgated October 28, 1941.

*Norman B. Frost, Esq.,* for the petitioner.
*F. L. Van Haaften, Esq.,* for the respondent.

512

514

OPINION.

BLACK: The issues presented for decision are whether the respondent erred in determining that the petitioner was a personal holding company in the taxable year and in assessing a penalty of 25 percent for failure to file a personal holding company return on Form 1120H.

Although the taxable year of petitioner which is before us ended March 31, 1938, the Revenue Act of 1936 is the applicable act. This is so because section 1 of the Revenue Act of 1938 provides that "The provisions of this title shall apply only to taxable years beginning after December 31, 1937." The taxable year before us began April 1, 1937.

The applicable provisions of the 1936 Act and regulations thereunder are printed in the margin.[1]

The petitioner concedes that more than 50 percent of the value of its outstanding stock is owned by not more than five of its stockholders, but denies that 80 percent of its gross income for the taxable year was personal holding company income within the meaning of the statute. Counsel for the petitioner argues that the collection from "fees" and "fines" are not interest; that Congress did not intend to include operating small loan companies within the scope and operation of the act;

---

[1] Title IA of the Revenue Act of 1936, as amended by the Revenue Act of 1937 provides, among other things, as follows:

"SEC. 351. SURTAX ON PERSONAL HOLDING COMPANIES.

"There shall be levied, collected, and paid, for each taxable year (in addition to the taxes imposed by Title I), upon the undistributed adjusted net income of every personal holding company a surtax equal to the sum of the following:

"(1) 65 per centum of the amount thereof not in excess of $2,000; plus

"(2) 75 per centum of the amount thereof in excess of $2,000."

"SEC. 352. DEFINITION OF PERSONAL HOLDING COMPANY.

"(a) GENERAL RULE.—For the purposes of this title and of Title I the term 'personal holding company' means any corporation if—

"(1) GROSS INCOME REQUIREMENT.—At least 80 per centum of its gross income for the taxable year is personal holding company income as defined in section 353; * * *

"(2) STOCK OWNERSHIP REQUIREMENT.—At any time during the last half of the taxable year more than 50 per centum in value of its outstanding stock is owned, directly or indirectly, by or for not more than five individuals."

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

"SEC. 353. PERSONAL HOLDING COMPANY INCOME.

"For the purposes of this title the term 'personal holding company income' means the portion of the gross income which consists of:

"(a) Dividends, interest, royalties (other than mineral, oil, or gas royalties), annuities."

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

and that petitioner should not be subject to a penalty for failure to file a return. The respondent contends that "fees" and "fines" received by petitioner from its debtors were amounts received for the use of money loaned and, therefore, come within the term "interest" as defined in the statute and applicable regulations.

Petitioner's gross income for the taxable year was $79,640.86. Of this amount $49,171.55 was admittedly interest from notes; $20,519.71 was from "fees" charged (2 percent of the face value of the loan for investigation) ; and $8,940.18 was from fines. It is, therefore, obvious that unless the amounts collected as "fees" are considered as interest, 80 percent of petitioner's gross income for the taxable year was not personal holding company income within the statutory definition. The case, therefore, turns on whether amounts collected by petitioner from its debtors of 2 percent on each loan made for "investigation" are in fact "interest" within the meaning of the statute and regulations. The question of whether fines are interest becomes immaterial to the decision of the case if we hold that the 2 percent collected on each loan for "investigation" is interest, because in that event concededly more than 80 percent of petitioner's gross income in the taxable year would be from interest.

The questions raised here have heretofore been before the Board and the courts and have been decided adversely to the petitioner's contentions. *Seaboard Small Loan Corporation*, 42 B. T. A. 715; *Girard Investment Co.* v. *Commissioner*, 122 Fed. (2d) 843, affirming memorandum opinion of the Board. Both *Seaboard Small Loan Corporation* and *Girard Investment Co., supra*, were decided on authority of *Noteman* v. *Welch*, 108 Fed. (2d) 206.

"SEC. 358. ADMINISTRATIVE PROVISIONS.

"All provisions of law (including penalties) applicable in respect of the taxes imposed by Title I of this Act, shall insofar as not inconsistent with this title, be applicable in respect of the tax imposed by this title * * *."

Regulations 94, as amended by T. D. 4791 (1938–1 C. B. 102), is as follows :

"ART. 353–1. *Personal holding company income.*—The term 'personal holding company income' means the portion of the gross income which consists of the following :

\*      \*      \*      \*      \*      \*      \*

."(2) *Interest.*—The term 'interest' means any amounts, includible in gross income, received for the use of money loaned."

Section 291, Title I, of the Revenue Act of 1936 is as follows :

"SEC. 291. FAILURE TO FILE RETURN.

"In case of any failure to make and file return required by this title, within the time prescribed by law or prescribed by the Commissioner in pursuance of law, unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the tax : 5 per centum if the failure is for not more than thirty days with an additional 5 percentum for each additional thirty days or fraction thereof during which such failure continues, not exceeding 25 per centum in the aggregate. The amount so added to any tax shall be collected at the same time and in the same manner and as a part of the tax unless the tax has been paid before the discovery of the neglect, in which case the amount so added shall be collected in the same manner as the tax. The amount added to the tax under this section shall be in lieu of the 25 per centum addition to the tax provided in section 3176 of the Revised Statutes, as amended."

All of the questions raised here were raised in *Noteman* v. *Welch*, *supra*, and were decided adversely to the petitioner's contentions.

The petitioner's argument that the segregation on its books of amounts received for "fees", "fines", and "interest" differentiates this case from the *Noteman* case, *supra*, and the *Girard* case, *supra*, is not persuasive. In both those cases amounts collected from the borrower for services were treated as interest, i. e., amounts paid by the borrower for the use of money loaned. In those cases, as in the instant case, substantially all the services charged for were for the benefit of the lender and not for the benefit of the borrower, and the only consideration received for the amounts paid by the borrower was the money loaned. As to the fines paid, the court in *Noteman* v. *Welch*, *supra*, indicates there might be a difference, but, as we have already stated, it is unnecessary to decide that question in this proceeding.

Petitioner urges that Congress never intended to include small loan corporations such as petitioner within the provisions of the personal holding company provisions of the applicable revenue act. This question was thoroughly considered by the courts of appeal in both the *Noteman* v. *Welch* and *Girard Investment Co.* v. *Commissioner* cases, and was decided adversely to petitioner's contentions. In both cases the legislative history of section 351 was reviewed by the court. On the authority of these cases we decide this issue in favor of the Commissioner.

The second issue is whether petitioner is liable for the 25 percent penalty which the Commissioner has added to the tax in accordance with the provisions of section 291 of the Revenue Act of 1936.

The evidence shows that petitioner did not file a personal holding company return on Form 1120H for the taxable year ended March 31, 1938. Petitioner's accountant, who prepared petitioner's return on Form 1120, testified at the hearing and gave as his reason for not preparing a return for petitioner as a personal holding company on Form 1120H: "Simply that in my opinion the amount of the interest did not reach the necessary 80 percent."

This being the state of the evidence, we think petitioner has failed to show that its failure to file a personal holding company return on Form 1120H was due to reasonable cause. *Lone Pine Lawn Corporation*, 41 B. T. A. 638; affd., *Lone Pine Lawn Corporation* v. *Helvering*, 121 Fed. (2d) 935. On this issue we sustain respondent.

*Decision will be entered for respondent.*