*Decision will be entered under Rule 50.*

SAXON TRADING CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 103964. Promulgated September 3, 1941.

*Knox B. Phagan, C. P. A.*, for the petitioner.
*F. S. Gettle, Esq.*, for the respondent.

### OPINION.

DISNEY: This proceeding involves personal holding company surtax for the taxable year 1937. The Commissioner determined a deficiency of $6,907.41 and a penalty of $1,726.85, all of which is in issue. The questions at issue are whether the petitioner is a personal holding company and whether it is subject to the surtax and penalty. A stipulation of facts was filed wherein the parties agreed, and we find as follows:

The petitioner herein is Saxon Trading Corporation, a corporation organized under the laws of the State of New York, with its principal office at 598 Madison Avenue, New York, New York. It filed its income tax return for the calendar year 1937 with the collector of internal revenue for the third district of New York.

The taxes in controversy are personal holding company taxes and penalties for the calendar year 1937 under section 351 of the Revenue Act of 1936, as amended by the Revenue Act of 1937.

The taxpayer was organized in the year 1924 with no par value stock and a paid-in capital of $768,444.17, which was the stated value of its no par stock. Soon after its organization the capital of the taxpayer suffered substantial impairment. At the beginning of the year 1937 its total deficit amounted to $373,223.07.

During the year 1937 the taxpayer received as interest on notes, mortgages, bonds, and bank deposits $16,880.24 and taxable dividends of $1,225, making a total of $18,105.24. Its allowable deductions

totaled $5,984.95, so that its net income without the deduction of any capital loss was $12,120.29.

During the year 1937 the taxpayer sustained capital losses from the sale of bonds totaling $14,487.50.

In the computation of personal holding company surtaxes for the year 1937 there has been allowed as a deduction from net income $2,000 on account of capital losses and a net income is determined for such year of $10,120.29. After the deduction of $643.75 as Federal income tax the adjusted net income for personal holding surtax purposes is $9,476.54, on which a surtax is computed in the sum of $6,907.41.

The capital stock of the petitioner corporation was owned throughout the entire taxable year 1937 as follows:

| | |
|---|---|
| Theodore Haebler | 750 shares |
| Louis M. Ebling | 125 shares |
| Katharina L. Stephens | 125 shares |

On June 12, 1940, notice of deficiency was mailed to the taxpayer in which deficiency in personal holding company tax of $6,907.41, together with a penalty of $1,726.85, was determined.

In addition to such stipulated facts, we find further, from allegations admitted and documents in evidence, as follows:

The officers of the petitioner in filing petitioner's return, Form 1120, for the taxable year, answered "No" to the question: "Is the corporation a personal holding company within the meaning of section 351 of the Revenue Act of 1936, as amended by the Revenue Act of 1937? If so, an additional return on Form 1120H must be filed." In 1939 a revenue agent checked over the books and records of the corporation, insisted that the corporation file Form 1120–H, personal holding company report, and set up additional tax and penalty in the amounts above recited.

The petitioner was in the taxable year a personal holding company, all of the capital stock of which was owned directly by three individuals. Its entire income for that year consisted of dividends and interest.

Though in filing its income tax return the petitioner denied that it was a personal holding company, and the respondent on brief suggests such question, neither the petition nor petitioner's brief raise that issue. At all events, there can be no doubt, on the record, and we find that petitioner is such personal holding company, under section 351, Revenue Act of 1936 as amended by the Act of 1937, for all of its stock was directly owned by only three individuals, and all of its income consisted of dividends and interest. The only question posed by petitioner's brief is whether section 1 of the Revenue Act of 1937, amending and supplementing section 351 of the Act of 1936 is unconstitutional, as urged by the petitioner, with the ancillary

question as to whether the 25 percent penalty was properly applied under section 291 of the Revenue Act of 1936. The petition had also suggested that dividend credit should be allowed because of a deficit, and therefore impossibility of paying dividends.

In the brief, the situation before us is this: The petitioner had net income of $12,120.29, with capital losses of $14,487.50, of which only $2,000 was allowable as deduction (section 117 (d), Revenue Act of 1936), leaving a taxable net income of $10,120.29, but an actual net loss of $2,367.21, in addition to a large deficit at the beginning of the taxable year. In this situation the petitioner argues that when applied to it the applicable provisions of the statute amount to confiscation, unconstitutional as being offensive to the Fifth Amendment to the Constitution of the United States. That was in substance the situation and the contention in *Foley Securities Corporation* v. *Commissioner*, 106 Fed. (2d) 731, affirming 38 B. T. A. 1036, for there as here the corporation started the year with a deficit and the court considered the fact that under the statute personal holding companies with capital impairment were placed in a worse condition, as to the surtax, than those without such impairment. The court did not feel justified in finding unconstitutionality. Nor do we. The fact suggested by the petitioner, that the *Foley Securities Corporation* case arose before section 1 of the Revenue Act of 1937 omitted the right of stockholders to elect to include their pro rata shares in income (sec. 351 (d), Revenue Act of 1936) does not, in our opinion, suffice to distinguish this case from the *Foley Securities* case as to constitutionality. We do not find the act unconstitutional. It is apparent that under its provisions the petitioner, to escape from the surtax upon the net taxable income of $10,120.29, must demonstrate a right to a dividend credit. This it can not do because of any idea of state statute forbidding dividends to be paid without earnings, *Midland Cooperative Wholesale*, 44 B. T. A. 824, nor because of charter provisions even if proved, which was not done. *Helvering* v. *Northwest Steel Rolling Mills, Inc.*, 311 U. S. 46. We hold that the petitioner is not entitled to credit under section 26 (c) (1) of the Revenue Act of 1936 and has not shown error by the Commissioner in determining the deficiency of $6,907.41.

Did the respondent err in adding $1,726.85 as the 25 percent penalty under section 291, Revenue Act of 1936? The petitioner in filing its income tax return answered "No" to the question whether it was a personal holding company. The question and answer were followed immediately by a notice that "If so, an additional return on Form 1120H must be filed." This was clear notice of the requirement, set up in Regulations 94, article 291-1, within the authority of the statute. Even if the petitioner had proved its statement that failure to file Form 1120-H was due to misunderstanding of the meaning of section

351, Revenue Act of 1936, as amended, such misunderstanding would not constitute the reasonable cause required as excuse. *Lone Pine Lawn Corporation*, 41 B. T. A. 638; *R. Simpson & Co.*, 44 B. T. A. 498. However, such statement was not proven. Therefore, the Form 1120–H finally filed more than the one year after required by law, was properly not considered as sufficient and we need not pass upon the other items in which the respondent says it was lacking, such as signatures and oath. We find no error in the assertion of the 25 percent penalty.

*Decision will be entered for the respondent.*