Orient Investment & Finance Company, Inc. v. Commissioner. Ellen Investment & Finance Company, Inc. v. Commissioner.
Orient Inv. & Fin. Co. v. Commissioner
Docket Nos. 7003, 7016.
United States Tax Court
1947 Tax Ct. Memo LEXIS 341; 6 T.C.M. (CCH) 1; T.C.M. (RIA) 46297; January 8, 1947
Joseph Hartman, Esq., 309 West Bldg., Jacksonville 2, Fla., and H. N. Roth, Esq., Metcalf Bldg., Orlando, Fla., for the petitioners. Bernard D. Hathcock, Esq., for the respondent. LEMIRE Memorandum Opinion LEMIRE, Judge: These proceedings, consolidated for hearing, involved income and personal holding company surtaxes and penalties, as follows: Deficiency
Personal Holding
Year
Income Tax
Company Surtax
Penalty
Docket No. 7003
1940
$ 7.23
$ 1,133.25
$ 283.31
1941
120.25
14,780.61
3,695.15
1942
3,905.13
976.28
Docket No. 7016
1940
160.49
40.13
The petitioners do not contest the assessment of either the income or the personal holding company tax deficiencies but contend *342 that they are not subject to the penalties. [The Facts] There is no dispute as to the facts. The petitioners are corporations, with their principal office at Orlando, Florida. They filed their income tax returns for the years involved with the collector for the district of Florida, at Jacksonville. The Orient Investment & Finance Company, Inc., hereinafter referred to as Orient, operates two citrus groves, and also owns some turpentine interests. The Ellen Investment & Finance Company, Inc., does not carry on any business. Its only assets consist of bonds of the Angebilt Hotel Holding Company. At all times here material the capital stock of the Ellen Investment & Finance Company has been owned by Orient and its stock, in turn, has all been owned by I. N. Burman, his wife and daughter. Burman has served as president of both corporations during their entire existence. The books and accounts of both companies have always been kept by licensed public accountants, two of whom, J. B. Asher and Myer Sigal, were certified public accountants. D. A. Garrett succeeded Asher and, in turn, was succeeded by Myer Sigal. Garrett and Asher are both deceased. The accountants made all *343 of the entries in petitioners' books and also prepared their income tax returns. In making out those returns they answered "No" to the question, "Is the corporation a personal holding company * * *?". The accountants did not file a personal holding company surtax return for either of the petitioners for any of the years involved. So far as the evidence shows, they did not consider or discuss the matter of filing such returns. They never brought it to the attention of Burman and he had no knowledge of that, or, in fact, of any of the other requirements of the tax laws. He is a man of little education. He could not understand the requirements of the tax statutes and so left those matters entirely in the hands of the accountants. The accountants whom he engaged were reputable licensed accountants and he had complete confidence in them. He believed that they had filed all of the returns and done all of the things required under the law. The accountants had before them at all times all of the records of both companies as to stock ownership, as well as the sources of their income. No information concerning any of those matters was ever withheld from them by Burman, or any other officer *344 or stockholder. The first time that Burman ever heard of the requirement for personal holding company returns was in 1945, when a revenue agent brought the matter to his attention. Another revenue agent, who had made an examination of petitioners' books in 1941, had failed to make any mention of the personal holding company returns. [Opinion] The statutory provisions for the assessment of the penalty for failure to file the returns required by law within the time required are found in section 291 (a) of the Internal Revenue Code. That section reads, in material part, as follows: In case of any failure to make and file return required by this chapter, within the time prescribed by law or prescribed by the Commissioner in pursuance of law, unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the tax: * * *. The only defense which the petitioners offer against the assessment of the proposed penalties is based upon the testimony of Burman, that he himself did not know of the requirements of the law for the filing of personal holding company returns and that he, in good faith, entrusted *345 those matters to the accountants whom he engaged for that purpose. There is no cause whatever to question the good faith of this witness, nor, in view of his limited education, can we question his professed inability understand the income tax laws. However, as has often been pointed out, ignorance of law alone is not a sufficient excuse. See Girard Inv. Co. v. Commissioner, 122 Fed. (2d) 843; Samuel Goldwyn, Inc., Ltd., 43 B.T.A. 1086; Tarbox Corporation, 6 T.C. 35. The statute sets up a dual test. A taxpayer must not only have been guiltless of "willful neglect" but there must have been a reasonable cause for the failure to file. We are convinced that there was no willful neglect here in the sense of "an intentional or designed" failure to file on the part of petitioners or their officers. Bouvelt Realty, Inc., 46 B.T.A. 45. Our question is whether, under the circumstances of this case, the delegation of the responsibility of filing tax returns to the licensed accountants constitutes "a reasonable cause" for the failure to file. It has been held that a reasonable cause for failure to file is shown when a taxpayer consults *346 with reputable attorneys and accountants and is advised that no return is required. See Girard Inv. Co. v. Commissioner, supra; Dayton Bronze Bearing Co. v. Gilligan, 281 Fed. 709 (C.C.A. 6); Agricultural Securities Corp., 39 B.T.A. 1103, affirmed 116 Fed. (2d) 800. In all of those cases, however, it was shown that the taxpayers, or the tax consultants, or both, gave careful consideration to the question of whether the returns were required by law to be filed; and that because of the uncertainty as to the application of the statute, in the circumstances, there was reasonable cause for their erroneous conclusions that the returns were not required. There is no evidence in the instant case that the accountants who prepared the returns ever gave any consideration to the matter of filing holding company returns or that their failure to file such returns was not due to willful neglect. See Lone Pine Lawn Corporation, 41 B.T.A. 638. In the last mentioned case, involving substantially the same state of facts, we held that "the failure of petitioner's fiscal agent to acquaint itself with petitioner's responsibility under *347 the law is not that 'reasonable cause' which will preclude application of the penalty section." The ownership by Burman and his wife and daughter of all the stock of Orient, which in turn owned all the stock of Ellen Investment & Finance Company, Inc., made it too plain for doubt that those companies were both holding companies within the meaning of the statute and were required to file personal holding company returns. Their unexplained failure to do so, we think, makes them liable for the statutory penalty which the respondent proposes to assess. Decision will be entered for the respondent.