Aptitude Associates, Incorporated v. Commissioner.
Aptitude Associates, Inc. v. Commissioner
Docket No. 92447.
United States Tax Court
T.C. Memo 1962-281; 1962 Tax Ct. Memo LEXIS 27; 21 T.C.M. (CCH) 1485; T.C.M. (RIA) 62281; November 28, 1962
*27 Business deductions: Accrued salaries: Deductibility in later years determined. - Deductions were denied the corporate taxpayer, under the accrual method of accounting, for the payment of salaries, in 1957 and 1958, which had accrued for prior years. Accrued but unpaid salaries for prior years and for 1957 were not deductible in 1957, the deduction for unpaid 1957 salaries being denied under Code Sec. 267(a). Additions to tax: Failure to file a timely return: Understatement of gross receipts: Plea of ignorance. - Additions to tax were sustained for failure to file a timely return. The Commissioner's determination that gross receipts had been understated was upheld for lack of contrary evidence. William J. Morgan (an officer), Dunn Loring Rd., Merrifield, Va., for the petitioner. W. Dean Short, Esq., for the respondent. KERN
Memorandum Findings of Fact and Opinion Respondent determined deficiencies against petitioner in income tax and additions to tax under section 6651(a) of the Internal Revenue Code of 1954 for the years and in amounts as follows: Year
Deficiency
Addition to tax
1957
$4,578.74
$228.94
1958
834.69
41.73
The issues presented for our decision are: (1) Whether the petitioner, an accrual basis taxpayer, may deduct in 1957 and 1958 the payment of accrued salaries for prior years; (2) whether the petitioner *30 may deduct in 1957 accrued but unpaid salaries for the years 1955, 1956, and 1957; (3) whether the petitioner's reported gross receipts for 1958 were understated; and (4) whether petitioner is liable pursuant to section 6651(a) for the additions to tax for failure to timely file its Federal income tax returns for the years 1957 and 1958. In determining the deficiency for 1957 respondent allowed petitioner a dividends received deduction in the amount of $87.55 pursuant to section 243 of the Internal Revenue Code of 1954. Petitioner has not assigned error to this determination. Findings of Fact Petitioner is a corporation engaged in "Psychological Services" incorporated in February 1954 under the laws of Virginia, and it maintains its office in Merrifield, Virginia. Petitioner filed its Federal income tax returns with the district director of internal revenue at Richmond, Virginia. William J. Morgan, hereinafter sometimes referred to as Morgan, is president of petitioner, and his wife, Antonia B. Morgan, is petitioner's secretary-treasurer. Petitioner kept its books and filed its returns under the accrual method of accounting and on a calendar year basis. *31 Petitioner's income for its first year of operation was derived from sale of tests, fees from clients, and an amount received from its predecessor, Aptitude Associates, which operated from May 1947 to January 1954. Petitioner did not pay salaries to its officers after it was incorporated and prior to 1957. Petitioner's 1957 Federal income tax return reported, under "Schedule B. - COST OF OPERATIONS," a deduction of $22,342 for salaries paid. In the computation of taxable income on this return petitioner also deducted $9,840 for salaries still owing for the years 1955, 1956, and 1957. Petitioner's 1958 income tax return reported a deduction of $10,400 for salaries paid to Morgan. Respondent disallowed $15,500 of the $22,342 deduction for salaries paid in 1957 and the $10,400 deduction for salaries paid in 1958 on the ground that such amounts had been accrued in prior years and under the accrual method of accounting "an expense is deductible only for the taxable year in which it accrues and it is not an allowable deduction for a subsequent year when it is paid." The claimed deduction in 1957 of $9,840 for salaries still owing for 1955, 1956, and 1957 was disallowed on the ground *32 that the accrued salaries for 1955 and 1956 were not deductible as accruable items in 1957. The portion of accrued and unpaid salary for 1957 was disallowed as a deduction under section 267 of the Internal Revenue Code of 1954, "since the officers receiving these salaries control the corporation and report their income on the cash basis." Petitioner's returns, in "Schedule B. - COST OF OPERATIONS," for the years 1954, 1955, and 1956 reported deductions for the sums of $7,734, $9,980, and $14,702, respectively, as unpaid salaries. Petitioner indicated on the returns that parts of these sums were "still owing" or "paid retroactively in 1957." The record contains no evidence to prove that petitioner is entitled to: (1) The claimed deduction in 1957 for salaries accrued for the years 1954 and 1955 and paid in 1957 in the amount of $15,500; (2) the claimed deduction in 1957 for unpaid salaries accrued for the years 1955, 1956, and 1957 in the amount of $9,840; and (3) the claimed deduction in 1958 for salaries accrued in prior years and paid in 1958 in the amount of $10,400. Petitioner reported gross receipts in the amount of $16,852 on its Federal income tax *33 return for the year 1958. Respondent determined that petitioner's reported gross receipts were understated in the amount of $922.30. In its petition petitioner makes the following averment with respect to this determination: "Since we do not know just what is referred to here, we are not in a position to challenge this statement, but we would like to be supplied with particulars so that we can examine the Commissioner's information." Petitioner has failed to offer any evidence to prove that reported gross receipts were not understated in the amount of $922.30 as determined by respondent. Petitioner attempted to qualify itself with the Commissioner as a nonstock, nonprofit corporation dealing with mentally gifted children which would be exempt from Federal income tax under the provisions of section 501(c)(3) of the Internal Revenue Code of 1954. In a letter to petitioner dated June 27, 1956, the Commissioner advised petitioner that it lacked "the public characteristics inherent in the exempting provisions of the law" because it was "formed to carry on a personal enterprise of Dr. and Mrs. William J. Morgan * * *." It was also found that the activities engaged *34 in by petitioner were not within the scope of section 501(c)(3) of the 1954 Code. It was therefore determined that: * * * you are not entitled to exemption from Federal income tax under the provisions of section 501(c)(3) of the Code. It follows that contributions made to you are not deductible by the donors in computing their income in the manner and to the extent provided by section 170 of the Code. The matter of filing income tax returns should be taken up with the District Director of Internal Revenue, Richmond, Virginia who is being advised of this action. Subsequently, on April 4, 1957, the Internal Revenue Service advised petitioner that it should file its Federal income tax returns until a tax-exempt status had been established for the corporation. Petitioner thereafter filed its Federal income tax returns for the years 1954, 1955, and 1956. Its Federal corporate income tax returns, Forms 1120, for the calendar years 1957 and 1958 were signed on April 13, 1958, and April 6, 1959, respectively, by Antonia B. Morgan and then filed with the district director of internal revenue at Richmond, Virginia. The 1957 return was received by the district director on April 15, 1958, and *35 the 1958 return on April 8, 1959. Petitioner filed its returns for 1957 and 1958 in April of 1958 and 1959, respectively, because Morgan "regularly" filed returns in April under the belief that such filing was timely. Petitioner was not notified by the Internal Revenue Service of the due date of its income tax returns. Petitioner's returns for the years 1957 and 1958 were delinquently filed. Opinion KERN, Judge: The questions presented for our decision are whether petitioner may deduct under the accrual method of accounting the payment of salaries in 1957 and 1958 which were accrued for the years 1954, 1955, and 1956; whether the petitioner may deduct on its 1957 return unpaid salaries accrued for the years 1955, 1956, and 1957; whether respondent correctly determined that petitioner's reported gross receipts for the year 1958 were understated by the amount of $922.30; and whether petitioner is liable for the additions to tax under the provisions of section 6651(a) of the Internal Revenue Code of 1954 for the years 1957 and 1958. Respondent's contention, which we sustain, is that petitioner has failed to introduce sufficient evidence to carry its burden *36 of proving the Commissioner's determinations to be erroneous and therefore the Commissioner's determinations must be sustained. Welch v. Helvering, 290 U.S. 111; J. M. Lyon, 1 B.T.A. 378. Petitioner cites several alleged facts concerning the negotiation of this case during the administrative process, and avers that alternative proposals for the disposition of petitioner's case by certain internal revenue agents unfairly put it on the defensive. The case before us, however, is predicated upon the statutory notice of deficiency and whatever alternative adjustments which were proposed to be made to petitioner's income tax liabilities by respondent's employees and which do not appear in the statutory notice of deficiency are not relevant to this case. Petitioner's argument, with respect to the disallowance of deductions for salaries paid in 1957 and 1958 which were accrued in prior years, and with respect to unpaid salaries which were accrued in 1957, is stated as follows: "Regardless of the technical nature of bookkeeping, monies were never deducted twice; income was reported, and tax paid on all monies paid as salaries or as compensations." Respondent *37 determined that petitioner was on the accrual method of accounting. Petitioner has offered no evidence that this determination was erroneous or that it did not regularly compute its income or keep its books under the accrual method of accounting. Respondent thereupon disallowed as deductions salaries paid by petitioner in 1957 and 1958 which were accrued and deducted in the years 1954, 1955, and 1956. Respondent also disallowed as a deduction in 1957 the accrued but unpaid salaries for the years 1955, 1956, and 1957, the accrued salary deduction for the year 1957 being disallowed in accordance with section 267 of the 1954 Code. We have found as a fact that petitioner has failed to offer any evidence to establish that the Commissioner's determinations were erroneous. Although petitioner may not have paid salaries in years prior to those before the Court, petitioner has not in fact demonstrated that "monies were never deducted twice." Further, it is well settled that expenses are deductible under the accrual method of accounting in the year when all of the events occur which fix the amount of the liability and determine the liability to pay it, and not in a subsequent year when such *38 expenses are paid. United States v. Anderson, 269 U.S. 422. With respect to the accrued but unpaid salary deduction for 1957 which respondent disallowed pursuant to section 267, [1] we must assume, in the absence of evidence to the contrary, that the claimed deduction was properly barred to petitioner, an accrual basis taxpayer, because the salaries were not paid within petitioner's taxable year and 2 1/2 months thereafter, and such salaries were not includible in the gross income of the prospective recipients; and the prospective recipients are on the cash basis of accounting so that the salaries unless paid are not includible in their gross income for the taxable year in which or with which the taxable year of the petitioner ends; and at the close of the taxable year or at any time within 2 1/2 months thereafter, the prospective payees and the petitioner are individuals and a corporation more than 50 percent in value of the outstanding stock of which is owned directly or indirectly by or for such individuals. Cf. North American Service Co., 33 T.C. 677, dismissed on other issues (C.A. 7, 1961). Accordingly, the respondent's determinations resulting in *39 the disallowance of claimed deductions for the payment of salaries in 1957 and 1958 and accrued but unpaid salaries claimed as a deduction in 1957 are sustained.
*40 We sustain, for want of any evidence to the contrary, respondent's determination that reported gross receipts were understated by the amount of $922.30 for the year 1958. We must also decide whether respondent properly imposed under section 6651(a)[2] the additions to tax for petitioner's failure to timely file its Federal income tax returns for the years 1957 and 1958. *41 Corporate income tax returns filed on a calendar year basis are due on or before the 15th day of March following the close of the calendar year. Section 6072(b) of the Internal Revenue Code of 1954. Petitioner's returns for the calendar years 1957 and 1958 were delinquently filed on April 15, 1958, and April 8, 1959, respectively. Inasmuch as the returns for 1957 and 1958 were not filed within the time prescribed by law, respondent imposed the 5 percent addition to the tax in accordance with the provisions of section 6651(a) of the Internal Revenue Code of 1954. Morgan contends that petitioner is not liable for the penalty because he believed that a timely filing was being made in April. It is also argued that if petitioner was a "personal enterprise of Dr. and Mrs. William J. Morgan" and therefore not a tax exempt organization, then the corporate return must have been a personal return and would be due on the date prescribed for the filing of individual income tax returns, that is, on or before the 15th day of April following the close of the calendar year. Petitioner finally contends that it received "no notification by the Government *42 that the Corporation return should be filed one month ahead of the personal return." Section 6651(a) provides that a taxpayer may avoid the penalty if failure to file was not due to willful neglect but due to reasonable cause. Petitioner's failure to file may not have been due to willful neglect. However, in order to avoid the penalty petitioner must also prove that the failure was due to reasonable cause. West Virginia Steel Corporation, 34 T.C. 851. All of petitioner's arguments in opposition to the imposition of the penalty boil down to a plea of ignorance of law. We are not persuaded that when petitioner was denied tax-exempt status by the Internal Revenue Service because it was a "personal enterprise of Dr. and Mrs. William J. Morgan," Morgan believed petitioner's returns would be due on the date prescribed for filing individual income tax returns. The fact that petitioner filed its income tax returns on Forms 1120 indicates that Morgan recognized petitioner's separate corporate existence. The truth is that Morgan did not know of the date upon which corporate income tax returns were due and that at the time petitioner's corporate income tax returns were filed *43 he had no intention to treat those returns as individual income tax returns. We also note that section 6012 of the Internal Revenue Code of 1954 imposes a duty upon the taxpayer to timely file its return and there is no requirement in the law that the Internal Revenue Service must notify a taxpayer of the filing date of its return. Ignorance of law does not constitute the reasonable cause required as an excuse of the failure to timely file a return. Stevens Bros. Foundation, Inc., 39 T.C. - (October 16, 1962); Estate of Arthur D. Cronin, 7 T.C. 1403, affd. on this issue 164 F. 2d 561; Samuel Goldwyn Inc., Ltd., 43 B.T.A. 1086. Accordingly, the respondent did not err in imposing the 5 percent additions to tax for the years 1957 and 1958. Decision will be entered for the respondent. Footnotes
1. SEC. 267. LOSSES, EXPENSES, AND INTEREST WITH RESPECT TO TRANSACTIONS BETWEEN RELATED TAXPAYERS. (a) Deductions Disallowed. - No deduction shall be allowed - * * *
(2) Unpaid Expenses and Interest. - In respect of expenses, otherwise deductible under section 162 or 212, or of interest, otherwise deductible under section 163, - (A) If within the period consisting of the taxable year of the taxpayer and 2 1/2 months after the close thereof (i) such expenses or interest are not paid, and (ii) the amount thereof is not includible in the gross income of the person to whom the payment is to be made; and (B) If, by reason of the method of accounting of the person to whom the payment is to be made, the amount thereof is not, unless paid, includible in the gross income of such person for the taxable year in which or with which the taxable year of the taxpayer ends; and (C) If, at the close of the taxable year of the taxpayer or at any time within 2 1/2 months thereafter, both the taxpayer and the person to whom the payment is to be made are persons specified within any one of the paragraphs of subsection (b). (b) Relationships. - The persons referred to in subsection (a) are: * * *
(2) An individual and a corporation more than 50 percent in value of the outstanding stock of which is owned, directly or indirectly, by or for such individual; (c) Constructive Ownership of Stock. - For purposes of determining, in applying subsection (b), the ownership of stock - * * *
(2) An individual shall be considered as owning the stock owned, directly or indirectly, by or for his family; * * *
(4) The family of an individual shall include only his brothers and sisters (whether by the whole or half blood), spouse, ancestors, and lineal descendants; and * * *↩
2. SEC. 6651. FAILURE TO FILE TAX RETURN. (a) Addition to the Tax. - In case of failure to file any return required under authority of subchapter A of chapter 61 (other than part III thereof), of subchapter A of chapter 51 (relating to distilled spirits, wines, and beer), or of subchapter A of chapter 52 (relating to tobacco, cigars, cigarettes, and cigarette papers and tubes), or of subchapter A of chapter 53 (relating to machine guns and certain other firearms), on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate.↩